FREDERICK J. LOULIS ET AL. *v.* DEAN B.
PARROTT ET AL.
(14890)

Spear, Hennessy and Healey, Js.

Argued May 3—officially released July 23, 1996

■■■■■■

*Robert A. Fuller*, with whom was *George W. Ganim*, for the appellants (plaintiffs).

*Christopher J. Smith*, with whom, on the brief, was *Marci J. Silverman*, for the appellees (defendants).

SPEAR, J. The plaintiffs in this declaratory judgment action appeal from the judgment of the trial court dismissing their action for lack of subject matter jurisdiction. On appeal, the plaintiffs claim that the trial court improperly found that they had failed to exhaust their administrative remedies with respect to their challenge to a certificate of zoning compliance that was issued in March, 1995. While we agree with the trial court's dismissal of the plaintiffs' action, we affirm the judgment on different but related grounds.

The record discloses the following relevant facts and procedural history. Bart Center, Inc. (Bart Center), a defendant in the action, owns property at 600 Main Street in Monroe. Vernon Bartosik, also a defendant in the action, is the sole shareholder of Bart Center. In June, 1984, the plaintiffs purchased a liquor store at 600 Main Street and leased the property from Bart Center for the operation of the store. By stipulation dated April 4, 1994, Bartosik, acting on behalf of Bart Center, evicted the plaintiffs for nonpayment of rent. The plaintiffs thereafter leased property at 630 Main Street and received approval from the department of liquor control (department) for the relocation of their liquor permit to that address.

Bart Center subsequently leased the liquor store to the named defendant, Dean Parrott. Pursuant to Gen-

eral Statutes § 30-39,[1] which requires applicants seeking
a liquor permit to receive a certificate of zoning compli-
ance, Parrott obtained a certificate from Daniel Tuba,
the planning administrator of the town of Monroe, on
May 4, 1994 (May, 1994 certification), stating that the
location of his proposed liquor store at 600 Main Street
complied with local zoning regulations. The transcript
reveals, and no dispute exists, that Tuba, as planning
administrator, is charged with enforcing the town's zon-
ing regulations. The department then approved a liquor
permit for the location on January 12, 1995. The plain-
tiffs did not appeal the town's May, 1994 certification
of Parrott's application to the zoning board of appeals
pursuant to General Statutes §§ 8-6 (a)[2] and 8-7,[3] but did

[1] General Statutes § 30-39 (b) (1) provides in pertinent part: "Any person
desiring a liquor permit or a renewal of such a permit shall make a sworn
application therefor to the department of liquor control upon forms to be
furnished by the department, showing the name and address of the applicant
and of his backer, if any, the location of the club or place of business which
is to be operated under such permit and a financial statement setting forth
all elements and details of any business transactions connected with the
application. Such application shall include a detailed description of the type
of live entertainment that is to be provided. . . . *Applicants shall submit
documents sufficient to establish that state and local building, fire and
zoning requirements and local ordinances concerning hours and days of
sale will be met . . . .*" (Emphasis added.)

[2] General Statutes § 8-6 (a) provides in pertinent part: "The zoning board
of appeals shall have the following powers and duties: (1) To hear and decide
appeals where it is alleged that there is an error in any order, requirement or
decision made by the official charged with the enforcement of this chapter
or any bylaw, ordinance or regulation adopted under the provisions of this
chapter . . . ."

[3] General Statutes § 8-7 provides in pertinent part: "The concurring vote
of four members of the zoning board of appeals shall be necessary to
reverse any order, requirement or decision of the official charged with the
enforcement of the zoning regulations or to decide in favor of the applicant
any matter upon which it is required to pass under any bylaw, ordinance,
rule or regulation or to vary the application of the zoning bylaw, ordinance,
rule or regulation. An appeal may be taken to the zoning board of appeals
by any person aggrieved or by any officer, department, board or bureau of any
municipality aggrieved and shall be taken within such time as is prescribed by
a rule adopted by said board, or, if no such rule is adopted by the board,
within thirty days, by filing with the zoning commission or the officer from

appeal from the department's decision to grant Parrott a liquor license to the Superior Court.[4]

The plaintiffs commenced this declaratory judgment action in February, 1995, seeking to have the trial court declare that the operation of a liquor store at 600 Main Street is a violation of the zoning regulations of the town of Monroe and that the May, 1994 certification is invalid. The plaintiffs also sought an injunction to prevent the defendants from using any portion of the property at 600 Main Street as a liquor store. The defendants[5] filed a motion to dismiss on April 18, 1995, claiming that the plaintiffs had failed to exhaust administrative remedies.

While this action was pending, Parrott applied to Timothy Ryan, the town's zoning enforcement officer, for a permanent certificate of zoning compliance so that he could obtain a building permit. Ryan, finding that the proposed store complied with all zoning regulations, issued Parrott the certificate on March 27, 1995 (March, 1995 certification).

The plaintiffs filed an appeal from the March, 1995 certification to the zoning board on April 26, 1995. The defendants, thereafter on May 9, 1995, filed a supplemental motion to dismiss claiming that the plaintiffs' pending appeal before the zoning board of appeals constituted an adequate administrative remedy that deprived the trial court of subject matter jurisdiction.[6]

whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof. . . ."

[4] That appeal is currently pending in the Superior Court for the judicial district of Fairfield at Bridgeport.

[5] All subsequent references to the defendants include Parrott, Bart Center and Bartosik.

[6] The defendants also moved to dismiss on the bases of (1) the plaintiffs' refusal to make the town of Monroe a party to the action and (2) the plaintiffs' failure to establish that they are aggrieved parties. The trial court did not address these claims in its memorandum of decision but, instead, based its finding solely on the plaintiffs' failure to exhaust administrative remedies.

On May 22, 1995, the trial court, acting on the supplemental motion to dismiss, issued its memorandum of decision and dismissed the plaintiffs' action for lack of subject matter jurisdiction. The trial court found that the plaintiffs had a pending appeal before the zoning board and that hearings pertaining to that appeal were scheduled before the zoning board on June 6, 1995. The court then concluded that "[i]t is imperative that this court have the benefit of a decision from the local zoning board of appeals regarding the zoning regulations' impact on property at 600 Main Street, Monroe."[7]

The plaintiffs then filed a motion for articulation on July 13, 1995. In that motion, the plaintiffs asked the trial court to confirm that its decision was not based on the ground for dismissal cited by the defendants in their original motion to dismiss, namely, the failure of the plaintiffs to exhaust their administrative remedies with respect to the May, 1994 certification. The trial court, responding to the motion for articulation, stated that the "action was dismissed only on the ground of the pending public hearing to the Monroe zoning board of appeals." This appeal followed.

The plaintiffs claim that the trial court improperly found that they had failed to exhaust an adequate administrative remedy with respect to their challenge from the March, 1995 certification. The plaintiffs assert that their appeal to the zoning board of appeals from that certification did not constitute an adequate administrative remedy. We agree with the trial court's decision to dismiss the action. We conclude, however, that the action should have been dismissed on the basis of the

[7] The zoning board of appeals subsequently conducted public hearings on June 6 and 26, 1995, concerning the plaintiffs' appeal from the March, 1995 certification. The board upheld the issuance of the certificate on August 1, 1995. The plaintiffs have appealed from the decision of the zoning board of appeals to the Superior Court for the judicial district of Fairfield at Bridgeport. That appeal is currently pending.

plaintiffs' failure to exhaust their administrative remedies with respect to the May, 1994 certification.

The plaintiffs' complaint in this action challenges only the May, 1994 certification. Paragraph thirteen of the March 14, 1995 amendment to the complaint states: "On May 4, 1994, the Defendant, Dean B. Parrott, requested certification from the Town of Monroe that the location of the proposed liquor package store of 3600 square feet at 600 Main Street complied with local ordinances . . . . The application was certified by the Town of Monroe, acting by its Planning Administrator . . . ." Paragraph fourteen continues: "The Town of Monroe, acting by its agent, erroneously, illegally and mistakenly certified . . . that the location at 600 Main Street met local ordinances even though the proposed 3600 square foot store at that location was in violation of the zoning regulations." Furthermore, the plaintiffs did not file a substituted complaint or an amendment to their original complaint challenging the March, 1995 certification after Ryan issued the permanent certificate of zoning compliance. Because the plaintiffs, therefore, complained only of the May, 1994 certification in this action, our analysis focuses on that certification in determining whether the trial court properly dismissed the action.

The procedure for appealing an adverse decision from an official charged with enforcing the zoning regulations is well established. General Statutes § 8-6 confers on the zoning board of appeals of each town, city or borough the power and duty "(1) [t]o hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter . . . ." General Statutes § 8-7 further provides: "The concurring vote of four members of the zoning board of appeals shall be necessary to reverse any order, requirement or decision of the offi-

cial charged with the enforcement of the zoning regulations . . . . An appeal may be taken to the zoning board of appeals by any person aggrieved . . . and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof. . . ." In reviewing the decision of one charged with the enforcement of the zoning regulations, the zoning board of appeals " 'is an administrative body acting in a quasi-judicial capacity." *Astarita* v. *Liquor Control Commission*, 165 Conn. 185, 189, 332 A.2d 106 (1973); see also *Spesa* v. *Zoning Board of Appeals*, 141 Conn. 653, 656, 109 A.2d 362 (1954).

After Tuba, a town official charged with enforcing the zoning regulations, certified that the location of the defendants' liquor store complied with all local zoning regulations, the plaintiffs did not pursue their administrative remedies. Rather than appealing from Tuba's decision to the zoning board of appeals within thirty days from the issuance of the decision pursuant to § 8-7, the plaintiffs opted to commence this action in the trial court.

"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) *Simko* v. *Ervin*, 234 Conn. 498, 503, 661 A.2d 1018 (1995); see also *Greater Bridgeport Transit District* v. *Local Union 1336*, 211 Conn. 436, 438, 559 A.2d 1113 (1989); *Maresca* v. *Ridgefield*, 35 Conn. App. 769, 772, 647 A.2d 751 (1994). "The exhaustion doctrine 'reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing

court the benefit of the local board's judgment.' *Greenwich* v. *Kristoff*, 180 Conn. 575, 578, 430 A.2d 1294 (1980). It also 'relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review.' *Owner-Operators Independent Drivers Assn. of America* v. *State*, 209 Conn. 679, 692, 553 A.2d 1104 (1989)." *Simko* v. *Ervin*, supra, 504.

Our courts have repeatedly stated that "[w]here a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action to test the very issue which the appeal was designed to test." (Internal quotation marks omitted.) *Young* v. *Chase*, 18 Conn. App. 85, 91, 557 A.2d 134 (1989); see also *Gelinas* v. *West Hartford*, 225 Conn. 575, 595, 626 A.2d 259 (1993); *Upjohn Co.* v. *Zoning Board of Appeals*, 224 Conn. 96, 102, 616 A.2d 793 (1992). "The power of the board to review, on appeal . . . any decision of the zoning enforcement [official] and . . . to reverse, affirm or modify that decision also supplies some measure of elasticity. . . . This power is vested in a zoning board of appeals, both to provide aggrieved persons with full and adequate administrative relief and to give the reviewing court the benefit of the local board's judgment." (Citations omitted.) *Astarita* v. *Liquor Control Commission*, supra, 165 Conn. 189.

In the present case, the plaintiffs deliberately bypassed the statutorily prescribed procedure for appealing from the decision rendered by Tuba and, instead, brought a private action seeking the same equitable relief. We conclude that the plaintiffs failed to exhaust the administrative remedies available to them prior to commencing this action.

"Although the general rule is that if an adequate administrative remedy exists, it must be exhausted,

'[l]ike any other general rule, the rule of exhaustion of administrative remedies is subject to some exceptions . . . .' " *Cummings* v. *Tripp*, 204 Conn. 67, 81, 527 A.2d 230 (1987), quoting *LaCroix* v. *Board of Education*, 199 Conn. 70, 79, 505 A.2d 1233 (1986). Nonetheless, "we have recognized such exceptions only infrequently and only for narrowly defined purposes." *LaCroix* v. *Board of Education*, supra, 79.

The plaintiffs assert that their action falls within two exceptions to the exhaustion doctrine. They first claim that a person " 'specifically and materially damaged by a violation of the zoning ordinances which has occurred or is likely to occur on another's land may seek injunctive relief restraining such violation [without exhausting administrative remedies].' " *Simko* v. *Ervin*, supra, 234 Conn. 504; *Cummings* v. *Tripp*, supra, 204 Conn. 75; see also *Reynolds* v. *Soffer*, 183 Conn. 67, 69, 438 A.2d 1163 (1981). The plaintiffs contend that because their action seeks an injunction, they fall within this exception, and, therefore, need not have exhausted their administrative remedies.

Our Supreme Court has emphasized that "[w]e cannot state too strongly . . . the necessity for clear and precise allegations of specific and material claims of damage in order to establish the threshold requirement for this exception to the exhaustion doctrine." *Cummings* v. *Tripp*, supra, 204 Conn. 76. In their April 28, 1995 amendment to their complaint, the plaintiffs assert that "[u]nless the zoning regulations are enforced and an injunction is issued against the use of 600 Main Street as a package store, the Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law." They also claim that they will "suffer special damage and significant financial loss from the [defendants'] competing package store" due to its proximity to the plaintiffs' store.

Our courts have never recognized the potential for increased competition as a valid specific and material claim of damage. Rather, in each case that recognizes this exception to the exhaustion doctrine, actual claims of nuisance were alleged. See id., 76, 76 n.9 (nuisance action claiming "grievous injury, damage and harm" and "annoyance, personal inconvenience and irritation"); *Reynolds* v. *Soffer*, supra, 183 Conn. 68 ("the defendants' acts constitute a nuisance which adversely affects the plaintiffs' property, decreases its value, increases the risk of fire and other dangers, specifically endangering health as a result of rodents migrating from the defendants' property . . . and noise, odors, pollution and disease-causing substances discharged from a new ventilating system"); *Scoville* v. *Ronalter*, 162 Conn. 67, 76, 291 A.2d 222 (1971) ("sight, noise and disturbance of construction" and devaluation of plaintiffs' property); *Jobert* v. *Morant*, 150 Conn. 584, 588, 192 A.2d 553 (1963) ("noise, traffic problems and other conditions detrimental to the neighborhood"); *Blum* v. *Lisbon Leasing Corp.*, 173 Conn. 175, 178, 377 A.2d 280 (1977) ("smoke, loud noises, odor of burning rubber"). Having failed to allege cognizable specific and material claims of damage precisely, the plaintiffs have not established the threshold requirement for this exception to the exhaustion doctrine.

The plaintiffs also claim that this case falls within the exception to the exhaustion doctrine that permits a party to bypass administrative remedies "where the available relief is futile." The plaintiffs argue that an appeal to the zoning board of appeals would have been futile because (1) it would have been "unnecessarily time consuming," (2) the zoning board of appeals does not have the authority to determine whether a nonconforming use has been abandoned, and (3) the zoning board of appeals cannot grant the equitable relief the plaintiffs seek in this action.

The plaintiffs cite no applicable authority, and we find none, that permits a party to forgo an appeal to the zoning board of appeals merely because such an appeal will consume time. Were we to hold otherwise and to conclude that a party may properly forgo appellate procedures where such procedures may consume considerable time, we would establish dangerous precedent.

Furthermore, the plaintiffs' argument that the zoning board of appeals has no authority to determine whether a nonconforming use has been abandoned contradicts well settled law. There exists no dispute that the zoning board of appeals has the authority to make findings involving questions of fact. The plaintiffs contend, however, that a determination as to whether a nonconforming use has been abandoned is a "mixed question of fact and law and requires, among other things, a determination of the intent of the property owner." Our Supreme Court's decision in *Blum* v. *Lisbon Leasing Corp.*, supra, 173 Conn. 175, refutes the plaintiffs' proposition. In *Blum*, the Supreme Court stated that "[a]bandonment in this jurisdiction *is a question of fact* . . . [that] implies a voluntary and intentional renunciation . . . ." (Citation omitted; emphasis added; internal quotation marks omitted.) Id., 182. The court further noted that the "conclusion of intention [to abandon] is an inference of fact . . . ." Id.

Lastly, we disagree with the plaintiffs' claim that an appeal to the zoning board of appeals would be futile because the board cannot grant the equitable relief the plaintiffs seek in this action. In this action, the plaintiffs seek both a declaratory judgment that the May, 1994 certification is invalid because it is based on a nonconforming use in violation of the zoning regulations, and an injunction preventing the defendants from operating a liquor store at the proposed location. A successful

appeal to the zoning board of appeals from the May, 1994 certification would provide the plaintiffs with the relief they now request, namely, the defendants would be prohibited from operating a liquor store at the proposed location. We conclude, therefore, that an appeal to the zoning board of appeals from the May, 1994 certification would not have been futile.

Having concluded that the present action does not fall within any exception to the exhaustion doctrine, we hold that the plaintiffs failed to exhaust administrative remedies with respect to the May, 1994 certification, and, therefore, the trial court properly dismissed the plaintiffs' action. Despite the court's reliance on the plaintiffs' failure to exhaust administrative remedies with respect to the March, 1995 certification, it nevertheless properly found that it lacked subject matter jurisdiction to consider this action. We have repeatedly sustained a trial court's action if the court reached the proper result on different grounds. *Vasquez* v. *State*, 181 Conn. 130, 134, 434 A.2d 330 (1980); *W. J. Megin, Inc.* v. *State*, 181 Conn. 47, 54, 434 A.2d 306 (1980); *Shapiro* v. *Hartford*, 4 Conn. App. 315, 318, 494 A.2d 590, cert. denied, 197 Conn. 810, 499 A.2d 61 (1985).

The plaintiffs last claim, with respect to the March, 1995 certification, that "where a private zoning enforcement action is pending in the [trial] court and the zoning enforcement officer issues a certificate of zoning compliance without giving written notice to interested parties, an appeal from the issuance of the certificate . . . for the limited purpose of a stay of it does not revoke the jurisdiction of the [trial] court over the injunction action based on the doctrine of exhaustion of administrative remedies." Because we have concluded that the trial court lacked subject matter jurisdiction to consider the injunction action and that such "private zoning

enforcement action" was, therefore, improper, we need not address this second claim.

The judgment is affirmed.

In this opinion the other judges concurred.