[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: REPORT ON REMAND OF ATTORNEY TRIAL REFEREE
FACTS
The plaintiff Edward Bonci (Bonci) is the record owner of certain real property located at 93 Beach Drive in Stratford, Connecticut (the premises). By letter dated December 24, 1992, Gary Lorentson (Lorentson), the Planning and Zoning Administrator, notified Bonci that the structure located at the premises had become unsafe as a result of damage caused by "Storm Beth" and CT Page 5552 ordered that Bonci take certain actions to repair or remove the structure. In accordance with this correspondence, Bonci hired plaintiff Douglas DiCamillo (DiCamillo) and they took steps to obtain approvals to make emergency repairs to the damage done to the premises.
On May 19, 1993, the Zoning Commission of the Town of Stratford (commission) conditionally approved Bonci's site plan review application. In reconstructing the premises, the plaintiffs violated the express conditions imposed by the commission. Lorentson and the commission issued a Cease and Desist Order and also notified the plaintiff that a Certificate of Occupancy would not be issued because the construction exceeded the approvals. The plaintiffs brought this action, seeking a writ of mandamus and other equitable relief, pursuant to, inter alia, the provisions of General Statutes § 52-485 (a).[1] This matter was tried before Attorney Trial Referee John F. Fallon (ATR) who found that the plaintiffs failed to exhaust the administrative remedies available to them by not bringing an appeal to the Zoning Board of Appeals pursuant to General Statutes §§ 8-6[2] and 8-7.[3]
On July 19, 1996, this court remanded the case to the ATR to determine whether the decision not to issue the Certificate of Occupancy was made by "the official charged with the enforcement" of the zoning laws. See General Statutes § 8-6. On March 11, 1997, the ATR issued his report on remand. Referring to his original report, the ATR reiterated his earlier finding that Lorentson, the Planning Zoning Administrator, and the commission notified the plaintiffs that a Certificate of Occupancy would not be issued. In order to determine whether Lorentson was "the official charged with the enforcement" of the zoning laws, the ATR relied on the Zoning Regulations for the Town of Stratford (Regulations) §§ 22.2[4] and 17.1.[5] It was the conclusion of the ATR that Lorentson was in fact "the official charged with the enforcement" of the zoning laws in the Town of Stratford.[6]
 DISCUSSION
Section 3.20 of the Regulations provides, in pertinent part, that "[t]he Board of Zoning Appeals shall have all the powers and duties prescribed by the general statutes of the State of Connecticut." General Statutes § 8-6 states that the zoning board of appeals shall have the power to "[t]o hear and decide appeals where it is alleged that there is an error in any order, CT Page 5553 requirement or decisions made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter. . . ." Our Supreme Court has "frequently held that when a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." Country Lands, Inc. v. Swinnerton, 151 Conn. 27, 33,193 A.2d 483 (1963). "`It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief . . . ., (Citations omitted; internal quotation marks omitted.)Simko v. Ervin, 234 Conn. 498, 503-04, 661 A.2d 1018 (1995); see also Loulis v. Parrott, 42 Conn. App. 272, 679 A.2d 967 (1996)."Masayda v. Pedroncelli, 43 Conn. App. 443, 446, 683 A.2d 23
(1996).
In the present case, the plaintiffs had the statutory right to appeal Lorentson's decision not to issue a Certificate of Occupancy to the Zoning Board of Appeals.[7] See General Statutes §§ 8-6 and 8-7; Regulations § 3.20. Further, the Zoning Board of Appeals had the power to provide the plaintiffs with the administrative relief that they were seeking. See Country Lands,Inc. v. Swinnerton, supra, 151 Conn. 33 (zoning board of appeals have the power, under General Statutes § 8-7, to "reverse, affirm or modify" a decision of the zoning enforcement officer.). Since the plaintiffs were challenging the decision of Lorentson, the "official charged with the enforcement" of zoning laws in the Town of Stratford, not to issue a Certificate of Occupancy, the plaintiffs were required by General Statutes § 8-6 to appeal that decision to the Zoning Board of Appeals before appealing to the Superior Court. Accordingly, the plaintiffs' failure to exhaust their administrative remedies deprives the court of jurisdiction to hear the appeal.
MORAN, J.