LOREN YOUNG MUNROE ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF BRANFORD ET AL. (AC 19672)

Foti, Zarella and Dupont, Js.

Argued September 25, 2000—officially released June 19, 2001

*William F. Gallagher*, with whom, on the brief, were *Hugh D. Hughes* and *Roger Sullivan*, for the appellants (plaintiffs).

*Leonard A. Fasano*, for the appellees (named defendant et al.).

*Opinion*

ZARELLA, J. The plaintiffs, Patrick Munroe, Loren Munroe, John Palluzzi and Marcia Palluzzi, appeal from the judgment of the trial court affirming the denial by the defendant[1] zoning board of appeals of the town of Branford (board) of the plaintiffs' appeal of the zoning enforcement officer's decision to issue a certificate of zoning compliance and the building official's decision to reissue a building permit to the defendant Thomas Simjian. On appeal, the plaintiffs argue, in part, that the court improperly affirmed the board's decision because the board's interpretation of § 5.7 of the Branford zoning regulations was unreasonable.[2]

---

[1] Also named as defendants were Thomas Simjian, Branford town clerk Georgette A. Laske, Branford zoning enforcement officer Justine K. Gillen and Branford building official Perry Smart.

[2] Section 5.7 of the zoning regulations of the town of Branford provides: "No nonconforming use of land shall be enlarged, extended or altered, and no building or other structure or part thereof devoted to a nonconforming use shall be enlarged, extended, reconstructed or structurally altered, except where the result of such changes is to reduce or eliminate the nonconformity. No nonconforming use of a building or other structure shall be extended to occupy land outside such building or other structure or space in another

Following oral argument in this court, this court, sua sponte, asked the parties to submit supplemental briefs on the following question: "Whether the zoning board of appeals lacked jurisdiction to hear the plaintiff-appellants' appeal from the zoning enforcement officer's issuance of the certificate of zoning compliance?" We further requested that the parties comment on whether the thirty day period for appealing from a zoning enforcement officer's action pursuant to General Statutes § 8-7[3] has an effect on the facts of this case. In their supplemental brief, the plaintiffs respond that the board did not lack jurisdiction to hear their appeal, notwithstanding that it was brought well beyond the thirty day appeal period set forth in § 8-7, because our "Supreme Court has held that the only reasonable construction of statutory time limits to appeal is that the time period runs from the date of notice." The plaintiffs conclude that the board had jurisdiction to hear their appeal because they appealed within thirty days of receiving actual or constructive notice of the zoning enforcement officer's action.

The defendants respond that the board lacked jurisdiction to hear that portion of the plaintiffs' appeal challenging the zoning enforcement officer's action because the plaintiffs did not file the appeal within the prescribed thirty day appeal period set forth in § 8-7. The defendants further argue that the board lacked jurisdiction to hear the plaintiffs' challenge to the build-

building or other structure. No nonconforming building or structure shall be enlarged, extended, reconstructed or structurally altered, if the result would be an increase in nonconformity."

[3] General Statutes § 8-7 provides in relevant part: "An appeal may be taken to the zoning board of appeals by any person aggrieved or by any officer, department, board or bureau of any municipality aggrieved and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof. . . ."

ing officer's action because the board has no authority to hear such appeals under § 8-7 and because the appeal should have been filed with the building board of appeals pursuant to General Statutes § 29-266.[4] Because we hold that the board lacked jurisdiction to hear the plaintiffs' appeal, we set aside the trial court's judgment of affirmance and remand the case to the trial court with direction to render judgment dismissing the plaintiffs' appeal.

The following facts are relevant to this appeal. Simjian owns a parcel of real property on Etzel Road in

---

[1] General Statutes § 29-266 provides in relevant part: "Municipal board of appeals. Filing of appeals in absence of board of appeals. (a) A board of appeals shall be appointed by each municipality. Such board shall consist of five members, all of whom shall meet the qualifications set forth in the State Building Code. . . .

"(b) . . . When a person other than such owner claims to be aggrieved by any decision of the building official, such person or his authorized agent may appeal, in writing, from the decision of the building official to the board of appeals, and before determining the merits of such appeal the board of appeals shall first determine whether such person has a right to appeal. Upon . . . approval of an appeal by a person other than the owner, the chairman of the board of appeals shall appoint a panel of not less than three members of such board to hear such appeal. Such appeal shall be heard in the municipality for which the building official serves within five days, exclusive of Saturdays, Sundays and legal holidays, after the date of receipt of such appeal. . . .

"(c) If, at the time that a building official makes a decision under subsection (b) of this section, there is no board of appeals for the municipality in which the building official serves, a person who claims to be aggrieved by such decision may submit an appeal, in writing, to the chief executive officer of such municipality. If, within five days, exclusive of Saturdays, Sundays and legal holidays, after the date of receipt of such appeal by such officer, the municipality fails to appoint a board of appeals from among either its own residents or residents of other municipalities, such officer shall file a notice of such failure with the building official from whom the appeal has been taken and, prior to such filing, mail a copy of the notice to the person taking the appeal. Such person may appeal the decision of the building official to the Codes and Standards Committee within fourteen days after the filing of such notice with the building official. . . .

"(d) Any person aggrieved by any ruling of the Codes and Standards Committee may appeal to the superior court for the judicial district where such building or structure has been or is being erected."

Branford on which there is a freestanding garage. Pursuant to the Branford zoning regulations, the garage is a nonconforming structure because its footprint does not conform with area setback regulations. On May 1, 1997, Simjian applied separately for a certificate of zoning compliance and a building permit to build a second story addition to the garage. After altering the construction plan to conform to the structure's footprint, the Branford zoning enforcement officer issued the requested certificate on August 26, 1997. On September 8, 1997, the town's building official also issued the requested building permit.

On April 2, 1998, Simjian commenced demolition of the garage roof in preparation for construction of the second story addition. The plaintiffs, all of whom are abutting property owners, promptly lodged objections with the zoning enforcement officer and the building official. The zoning enforcement officer refused to revoke the certificate of zoning compliance as the plaintiffs requested. The building official did not rescind Simjian's building permit because it effectively had lapsed on March 8, 1998.[5] The building official acted, however, on Simjian's application for a second building permit dated April 2, 1998, and, thereafter, issued a second building permit on April 7, 1998.

---

[5] Pursuant to § 113.2.1 of the Connecticut Building Code, "[a]ny permit issued shall lapse if the building official finds that the authorized work was not started within a period of six (6) months after the permit was issued or shall be terminated if the building official finds that the authorized work, once started, was suspended for a period of six (6) months . . . ."

In the present case, Simjian was issued the permit on September 8, 1997, yet he did not begin the authorized work until April 2, 1998, more than six months after the issuance of the permit. Assuming that the permit no longer was valid, Simjian applied for a second building permit on April 2, 1998. We assume, without deciding, that the building official determined that Simjian did not commence the authorized work until after six months from the date of issuance and, therefore, determined that the permit had lapsed when he issued the second building permit.

On or about April 7, 1998, the plaintiffs appealed to the board from the issuance of the certificate and the building permits.[6] The plaintiffs' appeal rested, in part, on the ground that the second story addition was a prohibited increase in a nonconformity under § 5.7. On May 19, 1998, the board held a hearing on the plaintiffs' appeal, at which the plaintiffs argued that "since June, 1997, the zoning authorities for the town of Branford have interpreted the nonconformity section of the Branford zoning regulations to require that an applicant obtain a variance (1) if a structure which is nonconforming as to setback is to be increased vertically within its existing footprint." They further argued that Simjian did not obtain the required variance, although the addition would increase the vertical height of the garage and, therefore, the certificate of zoning compliance and building permit were improperly granted. The plaintiffs requested that the board revoke the certificate and the building permit.

Following the hearing, the board voted to deny the plaintiffs' appeal. The board concluded that the certificate of zoning compliance had been properly issued because the zoning enforcement officer had acted consistently with the law and rules as she knew them at the time. The board further ruled that the zoning compliance officer "was doing what has always been done when someone requests a building permit and a [certificate] of compliance is issued at the time. Once a certificate was issued it doesn't expire and generally the building permit is just renewed when requested. A certificate of occupancy may not be issued when the building is complete if it does not comply with the site plan."[7]

[6] The Palluzzis appealed the zoning enforcement officer's issuance of the certificate of zoning compliance on April 7, 1998. Although the Munroe appeal to the board lacks a date, we infer from the written appeal that it was filed on or after April 7, 1998. The board consolidated and heard the appeals together.

[7] The notice of the board's decision was issued on May 19, 1998.

The plaintiffs thereafter appealed to the Superior Court from the board's decision. In their complaint, dated May 27, 1998, the plaintiffs alleged, inter alia, that the board had acted illegally, arbitrarily and in abuse of its discretion "[b]y failing to correctly interpret the zoning regulations applicable to the issues and applying them with reasonable discretion to the facts . . . ." The court rejected the plaintiffs' argument and affirmed the board's decision. Before reaching the substantive issues on appeal, however, the court determined that the plaintiffs had filed a timely appeal with the board. Notwithstanding the defendants' argument that the plaintiffs had appealed to the board well after the thirty day appeal period under § 8-7, the court found that the plaintiffs had timely appealed to the board from the zoning enforcement officer's decision. Citing *Loulis* v. *Parrott*, 241 Conn. 180, 695 A.2d 1040 (1997), the court reasoned that without actual or constructive notice of the zoning enforcement officer's decision, the prospective appellants' statutory right to appeal is meaningless. The court then concluded that because the plaintiffs did not receive actual or constructive notice of the issuance of the certificate until April, 1998, and the board treated the appeal as timely, the court also would treat the appeal to the board as timely.

The court further determined, inter alia, that the board had conducted a de novo hearing on whether the issuance of the certificate was contrary to the Branford zoning regulations, as the board interpreted them at the time the documents were issued. Implicit in the court's decision was the determination that the board's interpretation of § 5.7 was reasonable. The court concluded that the board did not act illegally, arbitrarily or in abuse of discretion when it denied the plaintiffs' appeal. This appeal followed.[8]

---

[8] On March 29, 1999, the plaintiffs filed a petition for certification to appeal pursuant to General Statutes (Rev. to 1997) § 8-8 (o), which this court granted on May 19, 1999.

Section 8-7 provides in relevant part that "[a]n appeal may be taken to the zoning board of appeals by any person aggrieved . . . and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days . . . ." There is no indication in the record that the board has adopted a local rule and, therefore, pursuant to § 8-7, the plaintiffs were required to file their appeal within thirty days of the issuance of the certificate of zoning compliance.

In *Koepke* v. *Zoning Board of Appeals*, 30 Conn. App. 395, 398, 620 A.2d 811 (1993), rev'd, 230 Conn. 452, 645 A.2d 983 (1994), we determined that an August 12, 1986 appeal to a board of appeals was untimely because the thirty day appeal period of § 8-7 began to run on July 11, 1986, the date on which the zoning enforcement officer issued the original zoning permit, and not on August 7, 1986, the date on which a superseding zoning permit was issued. We concluded that "the thirty day limit of § 8-7 is mandatory in nature and, thus, any appeal not taken within thirty days is invalid." Id.; *Pinchbeck* v. *Zoning Board of Appeals*, 58 Conn. App. 74, 79, 751 A.2d 849 (2000); *Bosley* v. *Zoning Board of Appeals*, 30 Conn. App. 797, 800, 622 A.2d 1020 (1993). In so deciding, we rejected the same reasoning the court gave in the present case, namely, that the thirty day period did not commence until the plaintiffs received actual or constructive notice of the issuance of the certificate. *Koepke* v. *Zoning Board of Appeals*, supra, 30 Conn. App. 400–401.

We noted in *Koepke* that the statutes specifically require local zoning authorities to provide notice under limited circumstances, including when a variance or special permit is granted or when a subdivision or resubdivision is approved. Id., 401–402; see General Statutes §§ 8-3c (b) (special permit or special exception) and 8-26 (approval of subdivision or resubdivision). "While it

is true that an aggrieved person has the right to take issue with the granting of a zoning permit, the legislature has not required that notice of the granting of a permit be given nor would it seem practical to give such notice for the literally thousands of such zoning and building permits that are issued on an almost daily basis across the state." *Koepke* v. *Zoning Board of Appeals*, supra, 30 Conn. App. 402. We further concluded that whether the appellant received actual or constructive notice is irrelevant because the time to appeal commences at the time of the issuance of the certificate of zoning compliance. Id., 402–403.

Our Supreme Court subsequently reversed our decision in *Koepke* v. *Zoning Board of Appeals*, 230 Conn. 452, 645 A.2d 983 (1994). The court concluded that the appeal to the board was timely filed because the thirty day period under § 8-7 began to run on August 7, 1986, the date of the issuance of the second zoning permit, and not, as we decided, on July 11, 1986, the date on which the original zoning permit was issued. Id., 456. Nevertheless, the court expressly declined to consider whether an appeal to a zoning board of appeals filed after the thirty day time limit prescribed by § 8-7 deprives the board of subject matter jurisdiction to hear the appeal. Id., 455–56 & 456 n.2. Thus, notwithstanding the subsequent reversal, our conclusion in *Koepke* v. *Zoning Board of Appeals*, supra, 30 Conn. App. 385, that an appeal of a zoning action must be taken within the thirty day period under § 8-7 is still valid law.

The plaintiffs argue, however, that in *Loulis* v. *Parrott*, supra, 241 Conn. 193, our Supreme Court explicitly "rejected the reasoning of Appellate Court cases holding that a failure of notice did not toll § 8-7's time limit to appeal." We are not persuaded.

Unlike the plaintiffs in the present case, who are appealing a decision of an administrative body, the

plaintiffs in *Loulis* were seeking injunctive relief outside of the administrative context. In *Loulis*, the plaintiffs sought an injunction barring the defendants from using a certain property as a package store in the town of Monroe. Id., 181. The plaintiffs argued that such use would violate the town's zoning regulations. Id. The plaintiffs' action was in response to the issuance of a certificate of zoning compliance on May 4, 1994. *Loulis* v. *Parrott*, 42 Conn. App. 272, 275, 679 A.2d 967 (1996), rev'd on other grounds, 241 Conn. 180, 695 A.2d 1040 (1997). On that date, the planning administrator of the town of Monroe issued the certificate to the defendant Dean Parrott, the operator of a proposed liquor store on the property. Id., 274. The plaintiffs did not appeal from the issuance of the May, 1994 certificate to the zoning board of appeals, and instead commenced a declaratory judgment action. Id., 274–75. While the action was pending in the trial court, the town's zoning enforcement officer subsequently found that the proposed store complied with all zoning regulations and, on March 27, 1995, issued Parrott a permanent certificate of zoning compliance.[9] Id., 275.

The defendants filed a motion to dismiss the action on the ground that the plaintiffs had failed to exhaust their administrative remedies because they had failed to appeal from the zoning enforcement officer's May, 1994 certificate decision to the board pursuant to General Statutes §§ 8-6[10] and 8-7. *Loulis* v. *Parrott*, supra, 42 Conn. App. 275. They subsequently filed a supplemental motion to dismiss on the ground that the plaintiffs'

---

[9] The plaintiffs appealed the issuance of the March, 1995 certificate to the zoning board of appeals. *Loulis* v. *Parrott*, supra, 42 Conn. App. 275.

[10] General Statutes § 8-6 (a) provides in relevant part: "The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter . . . ."

appeal of the issuance of the March, 1995 certificate "constituted an adequate administrative remedy that deprived the trial court of subject matter jurisdiction." Id. The trial court dismissed the plaintiffs' action on the ground that they had failed to exhaust their administrative remedies as to the issuance of the March, 1995 certificate and, therefore, the court lacked jurisdiction to hear the action. Id., 276.

The plaintiffs appealed to this court from that decision, arguing that the trial court improperly found that they did not exhaust their administrative remedies with respect to the March, 1995 certificate. Id., 273. We affirmed the judgment of the trial court, but on a different ground. We held that "the action should have been dismissed on the basis of the plaintiffs' failure to exhaust their administrative remedies with respect to the May, 1994 certification." Id., 276–77. We reasoned that the plaintiffs could not maintain an action for equitable relief without first exhausting their administrative remedies. Id., 278–79.

The plaintiffs thereafter appealed to the Supreme Court from our decision, arguing that the doctrine of exhaustion of administrative remedies is inapplicable to an action for injunctive relief. *Loulis* v. *Parrott,* supra, 241 Conn. 181–82. Our Supreme Court agreed and reversed our decision. The court reasoned that although "[i]t is true that the legislature has not required notice to be given regarding an administrative action such as a zoning or building [permit,] [t]hat does not necessarily mean . . . that the legislature also intended to bar aggrieved persons from the courts based on their failure to exhaust an administrative remedy when they seek to challenge the issuance of a permit of which they had no notice." Id., 193–94. "Indeed, it is only proper to allow such an aggrieved party to challenge the permit's validity in an appropriate judicial forum, given the lack of notice and consequent lack

of meaningful opportunity to pursue an administrative appeal." Id., 194. Thus, although the failure to take an appeal from a zoning action within the thirty day period deprives the court of subject matter jurisdiction to hear the appeal, it does not deprive a party who has received no notice from seeking injunctive remedies. In short, *Loulis* is inapplicable to the facts of this case.

As discussed, the plaintiffs in the present case are appealing from a decision of an administrative body pursuant to § 8-7. Section 8-7 requires a person who is aggrieved by an action or decision of a local zoning enforcement officer to appeal from such action or decision to the town's zoning board of appeals within thirty days of such action. Here, the zoning enforcement officer issued a certificate of zoning compliance to Simjian on August 26, 1997. The plaintiffs did not appeal from the zoning enforcement officer's decision until April 7, 1998, well beyond the thirty day period for bringing such an appeal. We conclude, therefore, that the board lacked subject matter jurisdiction with respect to the certificate of zoning compliance.

We further conclude that the board lacked jurisdiction to hear the plaintiffs' appeal with respect to the building permits because the board lacks jurisdiction over the issuance of a building permit. The trial court concluded that "[t]he plaintiffs cite no provision in the zoning regulations authorizing the [board] to reverse a decision by the Branford building official to renew a building permit. The [board] wisely confined itself to a review of the [zoning enforcement officer's] decision to issue a certificate of zoning compliance. Issuance of a certificate of zoning compliance is a prerequisite to the issuance of a building permit. Had the [board] reversed said decision by the [zoning enforcement officer], the plaintiffs would be free to pursue the implications of such decision on the building permit in another forum." The court further concluded that "[d]ifferent

towns have differing schemes of regulation. The zoning regulations of some towns specify a [board's] authority over a building official; in some towns, the functions of building inspector and zoning enforcement officer are vested in the same individual. Such was not the case in Branford at the time of the events giving rise to this appeal. The plaintiffs have failed to establish that the [board] had the authority to act on their appeal of the building official's decisions to grant or renew the said building permit." We agree.

As the trial court properly recognized, the board's statutory authority is limited to zoning matters. See General Statutes § 8-6 (a). Pursuant to § 29-266 (b), "[w]hen a person other than such owner claims to be aggrieved by any decision of the building official, such person or his authorized agent may appeal, in writing, from the decision of the building official to the [building] board of appeals . . . ." Rather than appealing from the building official's decision to the building board of appeals, the plaintiffs appealed to the board. Notwithstanding the plaintiffs' attempt to link the building official's decision to issue or reissue the building permit to the zoning enforcement officer's decision to issue the certificate of zoning compliance, the record indicates that the building official issued such permits and not the zoning enforcement officer. Such actions by a town's building official shall be appealed to the town's building board of appeals in accordance with § 29-266. For those reasons, we conclude that the court properly determined that the board lacked jurisdiction to hear the plaintiffs' appeal of the building permits.

Because the board lacked subject matter jurisdiction with respect to the certificate of zoning compliance and also with respect to the reissuance of the building permit, the case should have been dismissed for such lack of jurisdiction.

The judgment is set aside and the case is remanded to the trial court with direction to render judgment dismissing the plaintiffs' appeal for lack of jurisdiction of the zoning board of appeals for the town of Branford.

In this opinion the other judges concurred.