[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
After default judgment, defendant, Albert C. Lodrini, has moved to set aside the default judgment and restore the case to the civil docket.
Motion granted.
This is an action to recover a real estate brokerage commission brought against defendant, Albert C. Lodrini and Virginia Lodrini. The action by writ, summons and complaint with a return date of February 3, 1998, was instituted by a deputy sheriff making in-hand service on Virginia Lodrini on June 16, 1998. The deputy sheriff's return indicates that on the same date he left a true attested copy of the original writ, summons and complaint at the usual place of abode of Albert C. Lodrini, 331 New London Turnpike, Stonington, Connecticut.
Connecticut Practice Book § 3-2 states that appearances should be filed on or before the second day following the return date. In this case, no such appearances were filed by either defendant within the two day period required by the rule. On February 17, 1998, plaintiff filed a motion for default for failure to appear. This motion was granted by the court (Martin, J.) on February 19, 1998 with judgment in the amount of $73,732.
In compliance with Connecticut Practice Book § 17-22, plaintiff mailed to both defendants a notice of judgment on February 26, 1998. This notice was sent to defendants at the same address in Stonington at which the original service of process was made. On the same day, February 26, 1998, a judgment lien was filed on real property of defendant Albert C. Lodrini and on March 12, 1998, a deputy sheriff served a certified copy of the judgment lien on Virginia Lodrini. Service on Virginia Lodrini was made by sending it via registered mail return receipt requested to a forward address in Minnesota. Virginia Lodrini signed the return address card and it was returned to the deputy sheriff by the postal service.Lyman v. Lodrini, 63 Conn. App. 739, 742 (2001).
On the same day that the copy of the lien was sent to Virginia CT Page 672 Lodrini, March 12, 1998, a copy was sent to defendant, Albert C. Lodrini, by registered mail return receipt requested at an address which he had arranged to have his mail forwarded to in New Jersey. The receipt card was returned to the sheriff on April 9, 1998 maked "unclaimed". Id.
Connecticut General Statutes § 52-212 allows the court to set aside a default judgment within four months of the date of judgment. On August 17, 1998, almost six months after the entry of judgment, defendants moved to set aside the default judgment and restore the case to the civil docket. This motion was denied and the matter was appealed to the Appellate Court which, by decision released June 19, 2001, affirmed the judgment against Virginia Lodrini. Finding that proper notice of judgment had not been given to Albert C. Lodrini, the Appellate Court remanded the case to the trial court for further proceedings on the merits of the motion to set aside the default judgment and return Albert C. Lodrini's case to the docket. Lyman v. Lodrini, supra, 63 Conn. App. 748. The opening of default judgment is authorized by Connecticut General Statutes § 52-212 and Connecticut practice Book § 17.43. The criteria for opening a default judgment are the same in both the statute and practice book rule. Both provide that the court may open a default judgment if a showing has been made of:
 a. reasonable cause or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment; and
 b. that the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same.
The first issue is whether or not defendant, Albert C. Lodrini, has a viable defense to the action which existed at the time the default judgment was rendered.
The complaint alleges that plaintiff, a real estate broker, and the defendants, who owned land in the town of Stonington, entered into an open listing agreement on November 12, 1994. It is alleged that by this agreement defendants promised to pay plaintiff a commission of 10% of the gross sales price if the property were sold during the term of the agreement or if plaintiff produced a buyer ready, willing and able to purchase the property for an agreeable price. By its term, the agreement expired on May 12, 1995. The complaint further alleges that on January 7, 1995, defendants executed a document entitled "addendum" which referred to the. original listing agreement and provided "in the event that the entity (or any one of the entities) that the agent [plaintiff] will divulge to the owners [defendants] at any time up to a period of two (2) years purchases the property from the owners, owners agree to CT Page 673 compensate agent with a commission of 10% of the purchase price." It is alleged that the addendum further provides "owners acknowledge that the potential buyer(s) is/are: State of CT. D.E.P." It is further alleged that on or about October 26, 1995, defendants executed a letter accepting an offer by the State of Connecticut Department of Environmental Protection to purchase the subject property for a gross sale price of $735,000. The State of Connecticut, Department of Environmental Protection did purchase the subject property for the stated sales price. It is further alleged that defendants have neglected and refused to pay the real estate commission to the plaintiff as agreed.
Although Mr. Lodrini claims that there were irregularities in the execution of the addendum, the basic allegations of the complaint do not appear to be in dispute. At the hearing on this motion, a copy of a letter dated October 2, 1995 from the State Department of Environmental Protection to defendants in care of the plaintiff was introduced. This letter constitutes an offer to purchase defendants' property for $725,000. The offer was especially conditioned on a number of factors including funds being made available by the State Bond Commission and other approvals required by the state for the purchase of land. The closing date was to be within thirty days after all conditions were met. This was contemplated to be March 31, 1996. Defendants indicated their acceptance of the state's offer on October 26, 1995.
The property not having then been sold, on July 22, 1997, D.E.P. issued another letter this time directly to defendants. The letter contained the same offer to purchase the property with the same conditions and an estimated closing date of December 31, 1997.
By letter dated September 4, 1997, D.E.P. notified defendants that the State Bond Commission had approved the purchase for the agreed amount on September 29, 1997. It was estimated that the closing date would be within six weeks. The property was sold to the state on December 11, 1997.
The addendum dated January 7, 1995, required defendants to pay to plaintiff 10% of the purchase price in the event that the entity added to the addendum purchased the property within two years. Although Mr. Lodrini claims that it was done illegally, the addendum lists the State of Connecticut D.E.P. as a potential buyer.
The two year period of defendant's liability under the addendum expired on January 7, 1997. The property was not sold until December 11, 1997 well after the two year term mentioned in the addendum.
Plaintiff alleges that the acceptance of the D.E.P. offer by defendants CT Page 674 on October 26, 1995, had the legal effect of a purchase necessitating a payment of the 10% commission. Defendants could claim that D.E.P. was not a buyer, ready, willing and able to purchase and that because of the conditions which restricted the state's offer, the agreement was in fact not binding on D.E.P. A defense based upon a claim that the D.E.P. was not capable of purchasing the property until and unless the money was released by the Bond Commission is not unreasonable. A resolution of this issue would require relevant evidence.
It must then be concluded that the defendant, Albert C. Lodrini has met the first requirement of C.G.S. § 52-212 and P.B. § 17-43 in that he has a reasonable defense to the action which existed at the time the judgment was entered.
 II
Having found that defendant Albert C. Lodrini had a viable defense to plaintiff's claim, before the motion to open judgment may be granted, it must be found that he was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make this defense.
The evidence indicates that service of process was made on both defendants by the deputy sheriff on January 16, 1998. On that date, defendants, having been evicted from their home after foreclosure, were packing to leave. The deputy sheriff made in-hand service on Virginia Lodrini. Abode service was made on Albert C. Lodrini by leaving a copy of the writ, summons and complaint at defendants' home.
It must be presumed that abode service was made on Albert C. Lodrini's residence as the sheriff's return indicates. There is, however, a question as to whether Mr. Lodrini received actual notice of the action. At the time of service, a certain amount of turmoil existed in Mr. Lodrini's life. He was being evicted from his home, he was unemployed and circumstances were forcing a separation from his wife. On the date of service he was packing to leave.
It is difficult to conclude that even under these circumstances, the fact that a lawsuit had been instituted against him would not have been brought to Mr. Lodrini's attention or that his wife would not have mentioned the subject to him. It is equally highly improbable that Mr. Lodrini, with real property and a bank account in his name would have ignored the action.
Considering all of the evidence, it must be found that it is more likely than not that proper service was made on Albert C. Lodrini. Although proper service was made on Mr. Lodrini, it has been established CT Page 675 that he did not receive a notice of the default judgment. The question is whether he was prevented by mistake, accident or other reasonable cause from receiving this copy or a notice of the judgment.
Notice of the default judgment was sent to both defendants at their former address in Stonington on February 26, 1998. At a previous hearing, the Stonington postmaster testified that, under the applicable rules, if a single piece of mail was sent to both defendants after each had filed separate change of address cards reflecting a different forwarding address, the postal service should return the item to the sender and not deliver it. The evidence is unclear as to whether or not the notice of judgment was returned to sender. It is found, however, that Albert C. Lodrini did not receive a copy of the notice of default judgment mailed on February 26, 1998. Under the postal rules, such delivery would have been impossible. Because of the delay and Albert C. Lodrini's receiving notice of the judgment, the time within which he could move to set aside the judgment was extended to the time of actual notice. Lyman v. Lodrini, supra, 63 Conn. App. 747-48.
A copy of the judgment lien sent to Albert C. Lodrini at his forwarding address by the sheriff was not received by him, but was returned marked "unclaimed." It could be said that, at the time through no fault of his own, Mr. Lodrini had no settled residence. He relied on a relative to check his mail in New Jersey and this does not appear to have been done. As soon as the default judgment was brought to Mr. Lodrini attention by the attachment of his bank account, he filed an appearance and moved to open the default. Jaquith v. Revson, 159 Conn. 427, 431 (1970).
Considering all of the factors involved, it must be concluded that defendant Albert C. Lodrini was prevented by reasonable cause from presenting the defense which he might have in this case.
Accordingly, the motion to set aside the default judgment and restore the case to the docket is granted.
Joseph J. Purtill, Judge Trial Referee