LOREN YOUNG MUNROE ET AL. *v.* ZONING
BOARD OF APPEALS OF THE TOWN
OF BRANFORD ET AL.
(SC 16576)

Sullivan, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued March 15—officially released August 6, 2002

*William F. Gallagher*, with whom, on the brief, were *Hugh D. Hughes* and *Roger Sullivan*, for the appellants (plaintiffs).

*Leonard A. Fasano*, with whom was *Richard D. Patterson*, for the appellees (defendants).

*Opinion*

SULLIVAN, C. J. The plaintiffs[1] appeal, following our grant of certification; *Munroe* v. *Zoning Board of Appeals*, 258 Conn. 903, 782 A.2d 137 (2001); from the judgment of the Appellate Court directing the trial court to dismiss the plaintiffs' appeal from a decision of the defendant zoning board of appeals of the town of Branford (board).[2] *Munroe* v. *Zoning Board of Appeals*, 63 Conn. App. 748, 778 A.2d 1007 (2001). The plaintiffs maintain that the Appellate Court improperly concluded

---

[1] The plaintiffs in this case are Loren Young Munroe, Patrick Munroe, John D. Palluzzi and Marci T. Palluzzi.

[2] The other defendants in this case are Thomas Simjian; Georgette Laske, the Branford town clerk; Justin Gillen, the Branford zoning enforcement officer; and Perry Smart, the Branford building official.

that: (1) the thirty day period for appealing to a zoning board of appeals provided in General Statutes § 8-7[3] begins at the time of the zoning officer's action, and not at the time of notice of that action, and, therefore, that the board lacked subject matter jurisdiction over the plaintiffs' appeal from the issuance of a certificate of zoning compliance; and (2) the board lacked subject matter jurisdiction over the plaintiffs' appeal from the issuance of building permits by the defendant Perry Smart, the town's building official. We reverse the judgment of the Appellate Court with regard to the first issue and do not reach the second issue.

The opinion of the Appellate Court sets forth the following relevant facts. "[The defendant Thomas] Simjian owns a parcel of real property on Etzel Road in Branford on which there is a freestanding garage. Pursuant to the Branford zoning regulations, the garage is a nonconforming structure because its footprint does not conform with area setback regulations. On May 1, 1997, Simjian applied separately for a certificate of zoning compliance and a building permit to build a second story addition to the garage. After altering the construction plan to conform to the structure's footprint, the Branford zoning enforcement officer issued the requested certificate on August 26, 1997. On September 8, 1997, the town's building official also issued the requested building permit.

"On April 2, 1998, Simjian commenced demolition of the garage roof in preparation for construction of the

---

[3] General Statutes § 8-7 provides in relevant part: "An appeal may be taken to the zoning board of appeals by any person aggrieved . . . and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof. . . ."

The trial court determined that the plaintiffs were aggrieved under § 8-7. Branford has no rule establishing a time limit for appeals.

second story addition. The plaintiffs, all of whom are abutting property owners, promptly lodged objections with the zoning enforcement officer and the building official. The zoning enforcement officer refused to revoke the certificate of zoning compliance as the plaintiffs requested. The building official did not rescind Simjian's building permit because it effectively had lapsed on March 8, 1998. The building official acted, however, on Simjian's application for a second building permit dated April 2, 1998, and, thereafter, issued a second building permit on April 7, 1998.

"On or about April 7, 1998, the plaintiffs appealed to the board from the issuance of the certificate and the building permits. The plaintiffs' appeal rested, in part, on the ground that the second story addition was a prohibited increase in a nonconformity under § 5.7 [of the Branford Zoning Regulations (§ 5.7)]. On May 19, 1998, the board held a hearing on the plaintiffs' appeal, at which the plaintiffs argued that 'since June, 1997, the zoning authorities for the town of Branford have interpreted the nonconformity section of the Branford zoning regulations to require that an applicant obtain a variance (1) if a structure which is nonconforming as to setback is to be increased vertically within its existing footprint.' They further argued that Simjian did not obtain the required variance, although the addition would increase the vertical height of the garage and, therefore, the certificate of zoning compliance and building permit were improperly granted. The plaintiffs requested that the board revoke the certificate and the building permit.

"Following the hearing, the board voted to deny the plaintiffs' appeal. The board concluded that the certificate of zoning compliance had been properly issued because the zoning enforcement officer had acted consistently with the law and rules as she knew them at the time. The board further ruled that the zoning compli-

ance officer 'was doing what has always been done when someone requests a building permit and a [certificate] of compliance is issued at the time. Once a certificate was issued it doesn't expire and generally the building permit is just renewed when requested. A certificate of occupancy may not be issued when the building is complete if it does not comply with the site plan.'

"The plaintiffs thereafter appealed to the Superior Court from the board's decision. In their complaint, dated May 27, 1998, the plaintiffs alleged, inter alia, that the board had acted illegally, arbitrarily and in abuse of its discretion '[b]y failing to correctly interpret the zoning regulations applicable to the issues and applying them with reasonable discretion to the facts . . . .' The court rejected the plaintiffs' argument and affirmed the board's decision. Before reaching the substantive issues on appeal, however, the court determined that . . . [n]otwithstanding the defendants' argument that the plaintiffs had appealed to the board well after the thirty day appeal period under § 8-7 . . . the plaintiffs had timely appealed to the board from the zoning enforcement officer's decision. Citing *Loulis* v. *Parrott*, 241 Conn. 180, 695 A.2d 1040 (1997), the court reasoned that without actual or constructive notice of the zoning enforcement officer's decision, the prospective appellants' statutory right to appeal is meaningless. The court then concluded that because the plaintiffs did not receive actual or constructive notice of the issuance of the certificate until April, 1998, and the board treated the appeal as timely, the court also would treat the appeal to the board as timely.

"The court further determined, inter alia, that the board had conducted a de novo hearing on whether the issuance of the certificate was contrary to the Branford zoning regulations, as the board interpreted them at the time the documents were issued. Implicit in the court's decision was the determination that the board's

interpretation of § 5.7 was reasonable. The court concluded that the board did not act illegally, arbitrarily or in abuse of discretion when it denied the plaintiffs' appeal." *Munroe* v. *Zoning Board of Appeals*, supra, 63 Conn. App. 751–54.

The plaintiffs appealed from the trial court's decision to the Appellate Court. Following oral argument, the Appellate Court, sua sponte, asked the parties to submit supplemental briefs on the following question: " 'Whether the zoning board of appeals lacked jurisdiction to hear the plaintiff-appellants' appeal from the zoning enforcement officer's issuance of the certificate of zoning compliance?' " Id., 750. The Appellate Court also requested that the parties comment on whether the thirty day period for appealing from a zoning enforcement officer's action pursuant to § 8-7 was pertinent to this case. Id.

After considering the arguments set forth in the parties' supplemental briefs, the Appellate Court concluded that the thirty day period for appeal to a zoning board of appeals provided for in § 8-7 begins at the time of the action from which the appeal is taken, and not at the time of notice of that action. Id., 759. Because the plaintiffs' appeal had not been filed within the period for appeal as so interpreted, the Appellate Court concluded that the board lacked subject matter jurisdiction over the appeal. Id. The Appellate Court also concluded that the zoning board of appeals did not have jurisdiction over the plaintiffs' appeal from the issuance of the building permit. Id. Accordingly, the Appellate Court set aside the judgment of the trial court and remanded the case to that court with direction to dismiss the plaintiffs' appeal. Id., 761.

The plaintiffs petitioned for certification to appeal from the judgment of the Appellate Court to this court, and we granted certification limited to the following

issues: "1. Did the Appellate Court properly conclude that the thirty day period for appeal to a zoning board of appeals under General Statutes § 8-7 was from the date of the zoning officer's action and not from the date of notice of that action? 2. Did the Appellate Court properly conclude that, under the circumstances of this case, the zoning board of appeals lacked subject matter jurisdiction over the plaintiffs' appeal from the issuance of the building permit?" *Munroe* v. *Zoning Board of Appeals*, supra, 258 Conn. 903.

Whether the thirty day period for appeal provided for by § 8-7 begins on the date of the zoning officer's action or on the date of notice of that action is a matter of statutory interpretation. Accordingly, our review is plenary. See e.g., *Connor* v. *Statewide Grievance Committee*, 260 Conn. 435, 439, 797 A.2d 1081 (2002).

We previously have addressed this issue in *Loulis* v. *Parrott*, supra, 241 Conn. 180. In *Loulis*, owners of a package store in the town of Monroe sought an order to enjoin use of a nearby property as another package store. Id., 182–86. The plaintiffs in *Loulis* claimed, inter alia, that the zoning enforcement officer improperly had issued a certificate of zoning compliance regarding that property. Id., 185–86. Those plaintiffs had not received actual notice of the issuance of the disputed certificate, and no notice by publication was made or required. Id., 189.

The trial court granted a motion to dismiss the claim, and that ruling was affirmed by the Appellate Court on alternate grounds. Id., 190. The Appellate Court concluded that the action in Superior Court was barred because the plaintiffs' failure to appeal from the issuance of the certificate of zoning compliance to the zoning board of appeals of Monroe pursuant to General

Statutes §§ 8-6[4] and 8-7 constituted a failure to exhaust their administrative remedies. Id.

In considering the plaintiffs' certified appeal to this court, we noted that, "as a general matter, the failure of a party to exhaust an available administrative remedy is a subject matter jurisdictional bar to a plenary action in court to test the same issue that the administrative remedy was designed to test." Id. Nevertheless, we reversed the judgment of the Appellate Court, holding that the exhaustion doctrine was not applicable under the facts of that case. Id., 192. We explained that "[i]n the present case, the plaintiffs had no actual or constructive notice of the issuance of the . . . zoning certificate . . . by the zoning enforcement officer, and there was no provision in the zoning regulations for such notice. For this reason alone, the plaintiffs cannot be deemed to have failed to exhaust the administrative appellate process by which that issuance might have been challenged." Id., 191–92.

In *Loulis*, we also noted that, in *Koepke* v. *Zoning Board of Appeals*, 30 Conn. App. 395, 620 A.2d 811 (1993), rev'd on other grounds, 230 Conn. 452, 645 A.2d 983 (1994), the Appellate Court had concluded that " '[the abutting defendant's thirty day] time to appeal began to run at the time of the initial issuance of the permit; whether she received actual or constructive notice is irrelevant.' " *Loulis* v. *Parrott*, supra, 241 Conn. 193, quoting *Koepke* v. *Zoning Board of Appeals*, supra, 402–403. We continued, "[w]e disagree with that reasoning, however, and disavow it as a valid statement of law." *Loulis* v. *Parrott*, supra, 193. The plaintiffs claim

---

[4] General Statutes § 8-6 provides in relevant part: "The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter . . . ."

that *Loulis* thus supports their interpretation of § 8-7 that the thirty day period runs from the time of notice.

The defendants claim, to the contrary, that under *Loulis* the Appellate Court correctly interpreted § 8-7 in this case. They note that, in *Loulis*, we held, in effect, that an aggrieved party who does not receive notice of a zoning enforcement officer's action until more than thirty days thereafter is not required to appeal to a zoning board of appeals in order to avoid dismissal, for failure to exhaust administrative remedies, of a claim for injunctive relief in the Superior Court. Id., 193–94. We explained that, "it is only proper to allow such an aggrieved party to challenge the permit's validity in an appropriate judicial forum, *given the lack of notice and consequent lack of meaningful opportunity to pursue an administrative appeal*." (Emphasis added.) Id., 194.

The defendants maintain that *Loulis* thus presupposes that an aggrieved party has no right to appeal after notice of an action if that notice is received more than thirty days after the action takes place. If there were such a right, the defendants point out, an aggrieved party who had not appealed the disputed action to the appropriate zoning board of appeals after receiving notice would be barred by the exhaustion doctrine from seeking injunctive relief in the Superior Court. The defendants are correct in their assessment of the foundation upon which we decided *Loulis*. We had, indeed, assumed that, because the administrative decision lacked a notice provision, the doctrine of exhaustion of administrative remedies could not be invoked against the plaintiff.

We are compelled to acknowledge, however, that that assumption is inconsistent with the "fundamental principle" noted by this court in *Loulis* that "without notice that a decision has been reached, the right to appeal from that decision is meaningless." Id. As we

further stated in *Loulis* that "[w]e will not infer legislative intent to dispense with such a fundamental principle in the absence of a clear indication of such an intent. . . . There is no such indication in [§ 8-7]." (Citation omitted.) *Id.* In accordance with this principle, we adopt the interpretation of § 8-7 urged by the plaintiffs and hold that, under that provision, an appeal may be taken to a zoning board of appeals by any aggrieved party during a period established by a rule of that board or, if no such rule is established, within thirty days of notice of the action from which appeal is sought. Insofar as *Loulis* holds to the contrary, it is overruled.

Under our interpretation, § 8-7 provides a meaningful right to appeal for all persons aggrieved by the actions of zoning enforcement officers. Moreover, this interpretation better serves the purposes of the exhaustion doctrine than does the interpretation suggested by the defendants. As we noted in *Loulis*, "[t]he two part rationale for the exhaustion doctrine is: (1) to effectuate the legislative intent that the issue in question be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment . . . and (2) to relieve courts of the burden of prematurely deciding questions that may be resolved satisfactorily through the administrative process. " (Citation omitted; internal quotation marks omitted.) *Id.*, 191. In effect, *Loulis* exempted from the need to pursue an administrative remedy those persons who first receive notice of challenged actions more than thirty days after those actions in that it permitted them to pursue collateral remedies without requiring that they first exhaust administrative appeals.[5] Our conclusion in the present

---

[5] We note that both parties in this case agree that the principles of due process require that aggrieved parties who receive no notice of an action of a zoning enforcement officer within thirty days be permitted to challenge such an action after receiving notice. They disagree only as to the proper forum for such a challenge.

case furthers the policy underlying the exhaustion doctrine by applying the doctrine to such persons.

We recognize that "[t]he doctrine of stare decisis counsels that a court should not overrule its earlier decisions unless the most cogent reasons and inescapable logic require it." (Internal quotation marks omitted.) *State* v. *Ferguson*, 260 Conn. 339, 367–68 n.18, 796 A.2d 1118 (2002). As we have explained, however, "inescapable logic" requires that the reasoning and the conclusion of *Loulis* cannot both be upheld.

Moreover, "[t]he arguments for adherence to precedent are least compelling . . . when the rule to be discarded may not be reasonably supposed to have determined the conduct of the litigants. " (Internal quotation marks omitted.) *George* v. *Ericson*, 250 Conn. 312, 318, 736 A.2d 889 (1999). In the present case, it is clear that the defendants' conduct was not affected by a belief that the plaintiffs' appeal to the board was not timely. The board treated the appeal as timely and, in response to the plaintiffs' complaint in the Superior Court, all of the defendants admitted that the appeal was timely.[6] Prior to oral argument before this court, the defendants did not claim that *Loulis* suggests otherwise.[7]

The trial court found that the plaintiffs first received notice of the issuance of the certificate of zoning compliance when Simjian began demolition of his garage roof on or about April 2, 1998.[8] This finding is adequately

---

[6] The defendants apparently assumed that an appeal of a zoning enforcement officer's action can be taken within thirty days of notice.

[7] The defendants maintained in their brief that *Loulis* is distinguishable, not that it is inconsistent with the plaintiffs' position.

[8] The trial court noted that the plaintiffs claim not to have had notice of the action until "on or about April 2, 1998 . . . ." *Munroe* v. *Zoning Board of Appeals*, Superior Court, judicial district of New Haven, Docket No. CV98-0413688S (March 9, 1999). The court then found that "the plaintiffs had no notice, actual or constructive, of the [zoning enforcement officer's] action in granting the certificate at issue" and for this reason concluded that the appeal to the board was timely. Id. We conclude that the trial court found

supported by the evidence and is not challenged in this appeal. The plaintiffs appealed to the board on or about April 7 of that year, less than thirty days after they first obtained notice of the action from which appeal was taken. Therefore, the plaintiffs' appeal to the board was timely, and the board's exercise of jurisdiction over plaintiffs' appeal challenging the issuance of the certificate of zoning compliance was proper.

The second issue to which we granted certification is whether, under the circumstances of this case, the board had jurisdiction over the plaintiffs' appeal from the issuance of the building permit. The plaintiffs argue that the board had authority to declare the building permit invalid because it rested on a certificate of zoning compliance that the plaintiffs argue was also invalid. Because the board found, however, that the certificate of zoning compliance had been issued properly, the factual predicate underlying the plaintiff's argument with regard to the building permit has not been established. The trial court declined to reverse the board's decision, and the Appellate Court did not reach that issue. *Munroe* v. *Zoning Board of Appeals*, supra, 63 Conn. App. 759–60. If, upon our remand, the Appellate Court determines that the trial court's affirmance of the board's decision was improper, whether the board had authority to review the issuance of the building permit will be properly before that court. Accordingly, we do not reach it at this time.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further consideration according to law.

In this opinion NORCOTT, KATZ and PALMER, Js., concurred.

---

that the plaintiffs had no actual or constructive notice prior to the date on which they claim to have first received notice.

BORDEN, J., concurring. I fully agree with and join both the reasoning of, and the result reached by, the majority. I write separately only to explain further why I, as the author of *Loulis* v. *Parrott*, 241 Conn. 180, 695 A.2d 1040 (1997), which we now overrule, join in that action. "Wisdom too often never comes, and so one ought not to reject it merely because it comes late." (Internal quotation marks omitted.) *Wolf* v. *Colorado*, 338 U.S. 25, 47, 69 S. Ct. 1359, 93 L. Ed. 1782 (1949) (Rutledge, J., dissenting).

The policy question posed by both the present case and *Loulis* is: When a landowner wishes to challenge the legality of a building or other permit that has been granted to a neighboring landowner, and the law does not provide the aggrieved landowner with formal notice of the issuance of the permit, what is the best manner in which to effectuate his right to notice for purposes of enabling such a challenge? In *Loulis*, we implicitly answered that question by permitting the aggrieved landowners to bring a plenary judicial action. *Loulis* v. *Parrott*, supra, 241 Conn. 190. In the present case, we implicitly answer that question by requiring the aggrieved landowners to avail themselves of local administrative procedures, but we extend the time within which they can initiate those procedures to thirty days from the time of actual notice of the action complained of, pursuant to General Statutes § 8-7.[1]

---

[1] General Statutes § 8-7 provides: "The concurring vote of four members of the zoning board of appeals shall be necessary to reverse any order, requirement or decision of the official charged with the enforcement of the zoning regulations or to decide in favor of the applicant any matter upon which it is required to pass under any bylaw, ordinance, rule or regulation or to vary the application of the zoning bylaw, ordinance, rule or regulation. An appeal may be taken to the zoning board of appeals by any person aggrieved or by any officer, department, board or bureau of any municipality aggrieved and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof. The officer from whom the appeal has been taken shall

I agree with the majority that *Loulis* is inconsistent with our result in the present case. The only way that the two could coexist would be to hold that, in the

forthwith transmit to said board all the papers constituting the record upon which the action appealed from was taken. An appeal shall not stay any such order, requirement or decision which prohibits further construction or expansion of a use in violation of such zoning regulations except to such extent that the board grants a stay thereof. An appeal from any other order, requirement or decision shall stay all proceedings in the action appealed from unless the zoning commission or the officer from whom the appeal has been taken certifies to the zoning board of appeals after the notice of appeal has been filed that by reason of facts stated in the certificate a stay would cause imminent peril to life or property, in which case proceedings shall not be stayed, except by a restraining order which may be granted by a court of record on application, on notice to the zoning commission or the officer from whom the appeal has been taken and on due cause shown. Such board shall, within the period of time permitted under section 8-7d, hear such appeal and give due notice thereof to the parties. Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing. In addition to such notice, such board may, by regulation, provide for notice by mail to persons who are owners of land which is adjacent to the land which is the subject of the hearing. At such hearing any party may appear in person and may be represented by agent or by attorney. Such board may reverse or affirm wholly or partly or may modify any order, requirement or decision appealed from and shall make such order, requirement or decision as in its opinion should be made in the premises and shall have all the powers of the officer from whom the appeal has been taken but only in accordance with the provisions of this section. Whenever a zoning board of appeals grants or denies any special exception or variance in the zoning regulations applicable to any property or sustains or reverses wholly or partly any order, requirement or decision appealed from, it shall state upon its records the reason for its decision and the zoning bylaw, ordinance or regulation which is varied in its application or to which an exception is granted and, when a variance is granted, describe specifically the exceptional difficulty or unusual hardship on which its decision is based. Notice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to any person who appeals to the board, by its secretary or clerk, under his signature in any written, printed, typewritten or stamped form, within fifteen days after such decision has been rendered. In any case in which such notice is not published within such fifteen-day period, the person who requested or applied for such special exception or variance or took such appeal may provide for the

type of situation described previously, the aggrieved landowner has two options upon discovering the purported illegal use of the property at issue: (1) to avail himself of the local administrative procedures within the time limited by statute for such action, under the present case; or (2) to bypass those procedures and go directly to court in a plenary action, under *Loulis*. Leaving both those options open, however, does not commend itself to me as wise because, if given the choice, future litigants most likely would opt for the remedy afforded by *Loulis* in order to avoid the delay and expense attendant to administrative appeals. I, therefore, agree with the majority that the course of action that we decide upon today is more prudent because it advances certain policy concerns that *Loulis*, albeit inadvertently, frustrates.

Permitting the *Loulis* bypass eliminates, as the majority indicates, the twin purposes of the exhaustion doctrine, namely, to permit local matters to be handled in the first instance by local officials, and to relieve the courts of prematurely deciding questions that may be satisfactorily resolved by those officials. Furthermore, it affords an incentive to the aggrieved landowner to delay his plenary judicial challenge inordinately, subject only to the possible application of the doctrine of laches. Requiring the aggrieved landowner, under the present case, however, to go through local administrative procedures, but within the statutory time limit from his receipt of notice, provides an appropriate incentive, once he has discovered that the neighboring property is being used in an allegedly illegal manner, to investi-

publication of such notice within ten days thereafter. Such exception or variance shall become effective upon the filing of a copy thereof (1) in the office of the town, city or borough clerk, as the case may be, but, in the case of a district, in the offices of both the district clerk and the town clerk of the town in which such district is located and (2) in the land records of the town in which the affected premises are located, in accordance with the provisions of section 8-3d."

gate the local records promptly and to mount his administrative challenge accordingly. That satisfies both the purposes of the exhaustion doctrine and the requirements of affording notice to aggrieved landowners.