WAYNE C. GERLT *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF
SOUTH WINDSOR ET AL.
(SC 18149)

Norcott, Katz, Palmer, Zarella and Sullivan, Js.

Argued September 5, 2008—officially released February 10, 2009

*Gwendolyn S. Bishop*, with whom were *Paul T. Smith* and, on the brief, *Paul W. Smith*, for the appellant (plaintiff).

*John P. Casey*, with whom, on the brief, was *Brian R. Smith*, for the appellee (named defendant).

*Charles D. Ray*, with whom, on the brief, were *Matthew A. Weiner* and *William H. Narwold*, for the appellee (defendant Evergreen Walk, LLC).

*Opinion*

SULLIVAN, J. The named defendant, the planning and zoning commission of the town of South Windsor (commission), approved a general plan of development submitted by the defendant, Evergreen Walk, LLC (Evergreen Walk), for the development of a 232 acre property on the west side of Buckland Road in the

town of South Windsor.[1] The plaintiff, Wayne C. Gerlt, a neighboring landowner, then appealed from the approval to the Superior Court claiming that the approval constituted an unlawful site plan approval under General Statutes § 8-3 (g).[2] The trial court con-

[1] We refer to the commission and Evergreen Walk collectively as the defendants, and individually by name when appropriate.

[2] General Statutes § 8-3 (g) provides: "The zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. If a site plan application involves an activity regulated pursuant to sections 22a-36 to 22a-45, inclusive, the applicant shall submit an application for a permit to the agency responsible for administration of the inland wetlands regulations not later than the day such application is filed with the zoning commission. The decision of the zoning commission shall not be rendered on the site plan application until the inland wetlands agency has submitted a report with its final decision. In making its decision the zoning commission shall give due consideration to the report of the inland wetlands agency. A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands regulations. Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d. A certificate of approval of any plan for which the period for approval has expired and on which no action has been taken shall be sent to the applicant within fifteen days of the date on which the period for approval has expired. A decision to deny or modify a site plan shall set forth the reasons for such denial or modification. A copy of any decision shall be sent by certified mail to the person who submitted such plan within fifteen days after such decision is rendered. The zoning commission may, as a condition of approval of any modified site plan, require a bond in an amount and with surety and conditions satisfactory to it, securing that any modifications of such site plan are made or may grant an extension of the time to complete work in connection with such modified site plan. The commission may condition the approval of such extension on a determination of the adequacy of the amount of the bond or other surety furnished under this section. The commission shall publish notice of the approval or denial of site plans in a newspaper having a general circulation in the municipality. In any case in which such notice is not published within the fifteen-day period after a decision has been rendered, the person who submitted such plan may provide for the publication of such notice within ten days thereafter. The provisions of this subsection shall apply to all zoning commissions or other final zoning authority of each municipality whether or not such municipality has adopted the provisions of this chapter or the charter of such municipality or special act establishing zoning in the municipality contains similar provisions."

cluded that the general plan of development did not constitute a site plan under § 8-3 (g), and that the commission's approval of it was preliminary and nonbinding. Accordingly, the trial court dismissed the plaintiff's appeal. The plaintiff then brought this appeal,[3] claiming that the trial court improperly had concluded that the general plan of development did not constitute a site plan and that the commission's approval did not violate the applicable land use statutes and zoning regulations. We conclude that the trial court properly determined that, under the South Windsor zoning regulations, a general plan of development does not constitute a site plan governed by § 8-3 (g) and is intended to be preliminary and nonbinding. We also conclude, however, that certain decisions and conditions that underlay the commission's approval of this particular general plan of development were not preliminary and nonbinding *as to the plaintiff*. Rather, the commission treated them as final, unreviewable decisions during subsequent site plan proceedings, and, by doing so, allowed the proposed development to evade the requirements of § 8-3 (g). Accordingly, we conclude that the trial court improperly dismissed the plaintiff's appeal.

The record reveals the following undisputed facts. In June, 2001, pursuant to § 8.1.2.1 of the South Windsor zoning regulations,[4] Evergreen Walk submitted an appli-

[3] The plaintiff appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[4] Section 8.1.2.1 of the South Windsor zoning regulations provides: "A General Plan of Development may be submitted for the purpose of having the Commission approve of the proposed conceptual development of a site. The purpose of a General Plan of Development is to show proposed land use, building layout, proposed intensity of development (including coverage ratio, setbacks, parking count, building height), general layout of utility systems and location, circulation and street/road networks, drainage systems and location, open space, impervious areas, and recreation areas. The intention of this general plan is to show details visible to any viewer. The Commission may decide to hold a public hearing on the General Plan of Development. The Commission may require submission of the General Plan of Development to the Architectural and Design Review Committee."

cation for a general plan of development to the commission in which it proposed to construct and operate a complex of retail, office, lodging and recreational facilities on a 232 acre property located on Buckland Road in South Windsor. Thereafter, the commission conducted a voluntary public hearing on the application. At the hearing, Marcia Banach, the director of planning for South Windsor, explained that "[t]he purpose of the general plan is to provide for commission approval at an early stage in the planning of a project before [extensive] engineering is completed. This is beneficial to both [Evergreen Walk] and the commission as [Evergreen Walk] will receive the commission's input in reaction to a development proposal and the commission can have meaningful input into a project design. For these reasons the amount of detail required is minimal, however, the commission does have to be satisfied that you got enough information to make an informed decision. . . . A full site plan of development that is in conformance with the approv[ed] general plan would have to be submitted and approved by this commission. The site plan would include all of the engineering details as well as final building design, final site layout."

The commission approved the general plan of development on October 9, 2001, subject to numerous conditions. One of the conditions provided that "[i]n accordance with [§] 3.A.4.b [of the South Windsor zoning regulations governing the Buckland Road and Sullivan Avenue corridor],[5] a waiver is hereby granted to

_____

[5] Section 3.A.4.b of the South Windsor zoning regulations provides: "The Commission may waive any requirement of this section when it finds that all of the following conditions have been satisfied:

"• The gravity of the waiver will be consistent with the purpose of these Regulations;

"• The waiver has been specifically requested by the applicant;

"• Conditions exist which adversely affect the subject property and are not generally applicable to other property in the area;

"• In the absence of a waiver, no reasonable alternative access is available, will be available, or can be constructed;

allow three signalized driveway intersections with Buckland Road as shown on [the] general plan." Another condition provided in relevant part that "[i]n accordance with [§] 5.8.6.c.6 [of the South Windsor zoning regulations],[6] the yard setback between Smith Street and the first building is permitted to be partially combined with the required buffer, with a combined total building setback and buffer of 115 feet instead of the full separate width of 140 feet. . . ."

The plaintiff then appealed from the commission's decision to the trial court pursuant to General Statutes § 8-8.[7] The plaintiff claimed in his complaint that the general plan of development constituted a site plan and that the commission's approval of it was illegal because: it did not contain sufficient detail under the South Windsor zoning regulations; Evergreen Walk had not obtained the reports and studies required by the regulations; and the approval was premised on certain conditions and waivers that the commission was not authorized to grant. The plaintiff further claimed that the general plan of development had not been subject

"• The requested waiver is the minimum deviation necessary from this section to permit reasonable development of the subject property; and,

"• The granting of the waiver will not have a significant adverse impact on existing or future traffic operations, adjacent property, or on public safety or welfare."

[6] Section 5.8.6.c.6 of the South Windsor zoning regulations provides: "Buffers shall conform to Section 10.4, with the following exceptions:

"1. Buffers are not required along Buckland Road or Oakland Road frontage;

"2. Buffers may be incorporated into required yard setbacks, provided that the applicant demonstrates that the buffer provided meets all performance standards set forth for buffers in Section 10.4."

[7] The plaintiff owns property at 112 Deming Street in South Windsor that is within 100 feet of the proposed development and is, therefore, statutorily aggrieved under § 8-8. See General Statutes § 8-8 (a) (1) ("[i]n the case of a decision by a . . . combined planning and zoning commission . . . 'aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board").

to the statutory notice and hearing requirements for site plans. Finally, the plaintiff claimed that the commission had no authority to approve an application for a general plan of development because no such procedure was authorized by statute.

The trial court rejected the plaintiff's contention that the zoning regulations regarding general plans of development were invalid because they were not authorized by statute. The court stated that the purpose of the regulations providing for a general plan of development was to provide a mechanism for a voluntary, preliminary and informal review of the proposed development and that the commission's approval was advisory and did not vest any rights in Evergreen Walk. The court concluded that the plaintiff had not met his burden of proving that the commission had no authority to conduct such a review. The court also stated that, because "the general plan of development is a voluntary submission, not a required step in the planning stages for the development of the site, a declaration that such a plan is null and void appears to have no effect on the future development plans . . . . As stated in the regulations, no development can take place until a final site development plan is approved." Accordingly, the court concluded, a declaration that the plan was null and void would not provide any relief to the plaintiff.

The trial court noted that the plaintiff had stated in his trial brief that the commission had refused to allow interested parties to challenge certain portions of the general plan of development during subsequent proceedings on the site plans for the development. Specifically, the plaintiff had pointed out that, at a public hearing on the site plan for the Expo Design Center, a retail store in the proposed development, an intervenor had attempted to raise the issue of the traffic congestion caused by the development as a whole. The commission chairman had stated that public comments on the site

plan must be tied "to this specific application . . . and not the entire [development] which is not before this commission tonight." The trial court stated, however, that its "consideration of this appeal is limited to a review of the evidence in the record regarding this appeal . . . [and] the court will not consider evidence contained in the record regarding later decisions that were filed after the commission made the decision that is the subject of this appeal." (Citation omitted.) Accordingly, the trial court rejected the plaintiff's claim that the general plan of development constituted a de facto site plan and dismissed the appeal.

The plaintiff then filed this appeal. The plaintiff claims that the trial court improperly concluded that the application for a general plan of development was not a de facto site plan application governed by § 8-3 (g).[8] He further claims that the general plan of development did not meet the statutory and regulatory requirements for a site plan application. Specifically, the plaintiff claims that: (1) Evergreen Walk failed to obtain a regulated activities permit from the South Windsor inland wetlands agency as required by § 8-3 (g); (2) Evergreen Walk failed to submit a soil erosion and sediment control plan as required by General Statutes § 22a-329 and § 8.1.7 of the South Windsor zoning regulations; and (3) the commission unlawfully waived compliance with the zoning regulations governing the number of access points to the site and those governing buffer and setback requirements without requiring

[8] In his brief, the plaintiff also appears to make the broader claim that the commission had no authority to review and approve the general plan of development because no such proceeding was authorized by statute at the time the general plan of development was submitted. The plaintiff conceded at oral argument before this court, however, that zoning regulations providing for a voluntary, preliminary and nonbinding review of a development plan are not illegal per se. He clarified that his claim is that the commission's treatment of this particular application for a general plan of development rendered it an illegal site plan application.

Evergreen Walk to comply with the procedural notice, hearing and recordation requirements applicable to special permit proceedings. See General Statutes §§ 8-2, 8-3c and 8-3d. In addition, the plaintiff claims that, even if the waivers related to access points and buffer requirements did not require Evergreen Walk to obtain a special permit, they constituted illegal variances under General Statutes § 8-6. See *Langer* v. *Planning & Zoning Commission*, 163 Conn. 453, 457, 313 A.2d 44 (1972) (under § 8-6 "the power to vary the ordinance . . . lies exclusively in a [zoning] board of appeals").

The defendants respond that the trial court properly determined that the general plan of development was not a site plan, but rather was a preliminary, nonbinding conceptual plan. Accordingly, they argue, the plan was not subject to the statutory and regulatory requirements applicable to site plan applications. They further contend that the commission did not grant any waivers or variances because: (1) the general plan of development did not conflict with the regulations; and (2) even if the general plan of development did vary from the regulations, the approval did not vest any right in Evergreen Walk to commence construction. Rather, they argue, "the parties intended [for] Evergreen Walk's [general plan of development] to be nonbinding, and its approval had no effect whatsoever on the requirement that individual final site plans also be submitted and approved for each discrete portion of the development," as required by § 8-3 (g) and § 8.1.3 et seq. of the South Windsor zoning regulations.

Thus, as we understand it, the gist of the plaintiff's claim is that the commission's approval of Evergreen Walk's general plan of development constituted a site plan approval because specific decisions were made during the review and approval process that could not be revisited during the subsequent site plan proceedings, and the approval was illegal because it allowed

Evergreen Walk to evade the statutory procedures governing site plans, which were designed to ensure that the development, as a whole, complied with applicable statutes and zoning regulations. Because of the unusual procedural posture of this case, however, we are somewhat puzzled as to how to approach these claims. Specifically, as the trial court recognized, the plaintiff's claims are premised on factual allegations regarding the proceedings on the subsequent site plan applications that Evergreen Walk submitted to the commission, i.e., allegations that the commission refused to revisit decisions made during the proceedings on the general plan of development during the site plan proceedings or to consider the impact of the development as a whole. As the trial court also recognized, those proceedings are not part of the record in this case and, accordingly, the allegations are not subject to review.

We are compelled to recognize, however, that, if the plaintiff's factual allegations are true, then there is no other proceeding in which the plaintiff will be able to raise his claims because, just as the records in the proceedings on the specific site plan applications are not part of the record in this case, the record in the present case is not part of the records in those proceedings. Thus, there is no single proceeding in which the record is adequate to address the claim raised by the plaintiff here. If we decline to address this claim, however, then by refusing to allow interested parties in the site plan proceedings to revisit decisions that were made in the proceeding on the general plan of development—which the defendants themselves characterize as nonbinding—the defendants effectively will have evaded the mandatory statutory procedures designed to ensure that all interested parties are allowed to voice their concerns regarding the impact of the proposed development on the neighborhood and the environment.

We also note that the defendants do not dispute that interested parties were not permitted to address the alleged regulatory waivers during the site plan proceedings, but claim only that waivers or variances were not required because the proposed development did not conflict with the regulations in any way and, even if the development did conflict with the regulations, the commission's approval of the general plan of development did not vest any rights in Evergreen Walk. We are unable to review the defendants' claim that the proposed development complied with applicable regulations, however, for the *very reason* that the commission made no final, binding decision on that question in the present proceeding.

At oral argument before this court, the defendants also stated that interested parties had an opportunity to challenge the alleged regulatory waivers during the proceedings on the general plan of development, but "no one showed up." As the plaintiff points out, however, interested parties had no reason to attend those proceedings because the regulations provided that no permanent decisions would be made at that stage and the parties reasonably would have assumed that they would have an opportunity to review the proposed development and express any concerns about it during the subsequent proceedings on the site plan applications.

We conclude, therefore, that we should address the plaintiff's claims on the basis of the defendants' implicit concession that the commission prohibited interested parties from raising concerns regarding certain decisions that had been made during the proceedings on the general plan of development during the site plan proceedings. The question we address, therefore, is whether the commission was authorized to render an advisory approval of a general plan of development pursuant to § 8.1.2.1 of the South Windsor zoning regula-

tions that was premised on subsidiary decisions and conditions that, although not binding on the commission or Evergreen Walk, could not be revisited by any interested party during subsequent site plan proceedings under § 8-3 (g). This is a purely legal question and, therefore, our review is plenary. See *Munroe* v. *Zoning Board of Appeals*, 261 Conn. 263, 269, 802 A.2d 55 (2002), after remand, 75 Conn. App. 796, 818 A.2d 72 (2003).

The defendants do not dispute that, under § 8.1.2.1 of the South Windsor zoning regulations, proceedings on a general plan of development are intended to be voluntary, informal and nonbinding, and are primarily for the benefit of the developer. That being the case, it is clear that any decisions made during those proceedings must be preliminary and nonbinding not only with respect to the commission and the developer, but also with respect to any interested parties who participate in subsequent proceedings on a site plan application. Otherwise, the proceedings on the general plan of development could be used to evade the mandatory and more stringent procedures applicable to site plan applications under § 8-3 (g) and § 8.1.3 et seq. of the South Windsor zoning regulations. Moreover, although we agree with the defendants that the plaintiff has failed to provide any authority for the proposition that a developer may not submit site plans for a proposed development on a piecemeal basis,[9] if the developer does so, it cannot rely on decisions that were made on the assumption that the entire development would be treated as a single entity, particularly when it concedes that the decisions

---

[9] Accordingly, we reject the plaintiff's claims that Evergreen Walk was required to obtain a regulated activities permit and to submit a soil erosion and sediment control plan for the development as a whole. During the proceedings on each separate site plan application, however, the plaintiff and other interested parties should be allowed to raise concerns addressing the cumulative impact of the separate site plans under the inland wetlands and sediment control regulations.

were preliminary and nonbinding.[10] Accordingly, we conclude that, to the extent that the commission determined that the decisions and conditions that underlay its approval of the general plan of development could not be revisited during subsequent site plan proceedings—a circumstance that the defendants implicitly concede—any such determination was in conflict with § 8.1.3 et seq. of the South Windsor zoning regulations and the requirements of § 8-3 (g), and was, therefore, unlawful.

This leaves us with the question of the appropriate remedy. The plaintiff seeks a declaratory judgment that the commission's approval of Evergreen Walk's general plan of development constituted a site plan approval and that it is null and void. We conclude, however, that it is more appropriate to render a declaratory judgment that the approval, and the subsidiary decisions and conditions on which the approval was premised, were preliminary and nonbinding not only as to the commission and Evergreen Walk, but also as to the plaintiff and all other interested parties, and that the plaintiff and other interested parties must be allowed to raise concerns regarding *all* aspects of the proposed development, including the cumulative impact of the separate site plans, during the site plan proceedings. We recognize that this decision necessarily will have an impact on the proceedings on Evergreen Walk's individual site plan applications.

The judgment is reversed and the case is remanded to the trial court with direction to sustain the plaintiff's

---

[10] We note, for example, that the defendants appear to have assumed during the proceedings on the general plan of development that the entire development would be treated as a single unit. On the basis of that assumption, they determined that, under § 3.A.2 of the South Windsor zoning regulations governing the number of driveways permitted for a commercial development on the Buckland Road and Sullivan Avenue corridor, the entire development could have three driveways.

appeal and to render a declaratory judgment that the commission's approval of Evergreen Walk's application for a general plan of development, and all subsidiary decisions and conditions, were preliminary and non-binding in any subsequent site plan proceedings pertaining to the development.

In this opinion the other justices concurred.

