# JOAN E. GAY *v.* THOMAS J. GAY
## (SC 16833)

Sullivan, C. J., and Borden, Norcott, Palmer and Vertefeuille, Js.

Argued May 20—officially released November 25, 2003

*Campbell D. Barrett*, with whom were *Jonathan P. Budlong* and, on the brief, *C. Michael Budlong*, for the appellant (plaintiff).

*Karen Gersten*, for the appellee (defendant).

*Opinion*

SULLIVAN, C. J. The plaintiff, Joan E. McNulty,[1] appeals, following our grant of certification, from the judgment of the Appellate Court reversing the judgment of the trial court. The trial court had ordered a modification in alimony payments to be made to the plaintiff by the defendant, Thomas J. Gay, based in part on the court's determination that capital gains realized by the plaintiff from the sale of assets constituted income. The Appellate Court concluded that capital gains could be considered income for the purposes of alimony modification only if those gains were generated from assets acquired after the dissolution. *Gay* v. *Gay*, 70 Conn. App. 772, 780–81, 800 A.2d 1231 (2002). Accordingly, the Appellate Court reversed the order of the trial court and remanded the case to the trial court with instruction to determine whether the plaintiff had realized capital gains from assets acquired after the dissolution. Id., 787. We affirm the Appellate Court's reversal of the trial court's order on the alternate ground that capital gains that do not constitute a steady stream of revenue are not income within the meaning of General Statutes § 46b-82, regardless of when the assets from which they were generated were acquired.

The opinion of the Appellate Court sets out the following relevant facts and procedural history. "On December 20, 1996, after a thirty-two year marriage, the plaintiff brought an action seeking a dissolution of the marriage based on an irretrievable breakdown of

---

[1] The plaintiff's name was changed from Joan E. Gay to Joan E. McNulty as part of the trial court's order dissolving the parties' marriage.

the marriage. The court incorporated by reference a stipulation entered into by the parties dated December 20, 1996. The stipulated agreement provided, inter alia, that the defendant shall pay alimony to the plaintiff in the amount of $730 per month.

"On September 29, 1999, the defendant moved for a modification of the alimony payments. In his motion, the defendant claimed that his retirement, and the accompanying decrease in income, constituted a substantial change in circumstances. Furthermore, he noted that the plaintiff's income and assets had dramatically increased so that her circumstances had changed for the better. After hearing arguments on the matter, the court reduced the defendant's alimony obligation to $1 per year and ordered the parties to exchange copies of their respective federal tax returns for the following three years.

"On October 24, 2000, the court rendered its oral decision regarding the parties' motions for articulation. The court first articulated the basis for its conclusion that there was a bona fide retirement on the part of the defendant. In addition, the court articulated the basis for its conclusion that the parties' income was now in parity and, therefore, the alimony award should be modified. After making certain adjustments to the net income reflected on the plaintiff's financial affidavit, the court found that the defendant had a net income of $1268 per week and the plaintiff had a net income of $1323 per week." Id., 773–75. In that articulation, the court indicated that it had included both short-term and long-term capital gains in determining the plaintiff's income for purposes of the modification. The court further indicated that, in assessing the plaintiff's income for 1999, it disregarded capital losses from a prior year that the plaintiff had, for the purpose of calculating income tax, carried over into 1999.

The plaintiff appealed to the Appellate Court, claiming that the trial court improperly had considered as income capital gains that she had realized from investment accounts. Id., 775. The Appellate Court concluded that the plaintiff's capital gains did not constitute income for the purpose of modification of alimony if the assets from which the gains were generated were distributed at the time of the dissolution, but that those gains did constitute income for that purpose if the assets from which they were generated were acquired after the dissolution. Id., 780–81. Because the trial court had counted all of the plaintiff's capital gains as income without determining how much, if any, of those gains were generated from assets that were acquired after the dissolution, the Appellate Court reversed the order of the trial court, and remanded the case with instruction to determine whether the plaintiff had realized capital gains from assets acquired after the dissolution. Id., 786–87.

We granted the plaintiff's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that capital gains on assets acquired after the marital dissolution decree constitute income for purposes of a postdecree modification of alimony?" *Gay* v. *Gay*, 261 Conn. 930, 806 A.2d 1064 (2002). For reasons that we will discuss more fully, however, we are persuaded that the Appellate Court's treatment of capital gains on assets acquired both at the time of and after marital dissolution requires clarification. "When the dictates of justice so demand, we may expand or modify a certified issue." *White* v. *Kampner*, 229 Conn. 465, 467 n.1, 641 A.2d 1381 (1994). Accordingly, we reframe the certified question as follows: "Did the Appellate Court properly conclude that: (1) capital gains on assets acquired at the time of the marital dissolution decree may not be considered at all for purposes of a postdecree modification of alimony;

and (2) capital gains on assets acquired after the marital dissolution decree constitute income for purposes of a postdecree modification of alimony?"

The trial court has the authority to modify its alimony order pursuant to General Statutes § 46b-86, which provides in relevant part that "[u]nless and to the extent that the decree precludes modification . . . any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by [the] court upon a showing of a substantial change in the circumstances of either party . . . ." As we have stated, "[o]nce a trial court determines that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determine an initial award of alimony . . . are relevant to the question of modification." (Internal quotation marks omitted.) *Borkowski* v. *Borkowski*, 228 Conn. 729, 737, 638 A.2d 1060 (1994). Under § 46b-82, those criteria include "the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81 . . . ." General Statutes § 46b-81 (a) provides in relevant part that "[a]t the time of entering a decree annulling or dissolving a marriage . . . the Superior Court may assign to either the husband or wife all or any part of the estate of the other. . . ."

"[T]he trial court has broad discretion in making its determination of the applicability of the criteria outlined in § 46b-82. . . . Notwithstanding the great deference accorded the trial court in dissolution proceedings, a trial court's ruling on a modification may be reversed if, in the exercise of its discretion, the trial court applies the wrong standard of law." (Citations

omitted.) *Borkowski* v. *Borkowski*, supra, 228 Conn. 739–40. Whether the trial court applied the correct standard of law in the present case depends on whether the plaintiff's capital gains constitute income under § 46b-82. That presents a question of statutory interpretation, over which our review is plenary. *Munroe* v. *Zoning Board of Appeals*, 261 Conn. 263, 269, 802 A.2d 55 (2002).

The Appellate Court began its analysis by considering whether capital gains generated from an asset distributed in the dissolution decree pursuant to § 46b-81 may be considered income for the purpose of modification of alimony. The court concluded that "capital gains generated by an asset distributed in the dissolution decree do not fall within the purview of § 46b-86, and by implication, § 46b-82. This is so because the capital gain is merely the appreciation of property previously distributed pursuant to § 46b-81. The court does not have continuing jurisdiction over property distributed at the time of dissolution; General Statutes § 46b-86; and therefore cannot consider the appreciation of such property in its inquiry pursuant to §§ 46b-86 and 46b-82." *Gay* v. *Gay*, supra, 70 Conn. App. 780. Following that analysis, the court stated: "We must now determine whether capital gains realized on property acquired by the plaintiff after the dissolution is income.for purposes of § 46b-82. We conclude that if the asset is property that was acquired by the plaintiff after the dissolution and, therefore, not distributed as part of the property assignment, then it is income that must be considered by the court in an alimony modification." Id., 781.

Judge Schaller, however, disagreed with that analysis. In his dissenting opinion, he expressed the view that capital gains may never properly be considered income for purposes of the modification of an alimony order. Id., 787 (*Schaller, J.*, dissenting). He reasoned

that, "[a]s [Appellate Court] case law makes clear,[2] a conversion of an asset from one form to another does not constitute the creation of income. Implicit in this conclusion is the underlying concept that the growth in value of the asset distributed at dissolution is not income when it is converted to another form. Rather, the growth, and resulting cash value when converted, simply represents the accrual in value of that asset itself. In other words, the category the item falls into, namely, either 'capital asset' or 'income,' does not change because the asset has appreciated in value and then is converted as a matter of form." Id., 788–89 (*Schaller, J.*, dissenting).

Judge Schaller further reasoned that "this principle [does not become] any less applicable when considering assets acquired after a dissolution. I do not believe, therefore, that the exchange of a capital asset, whenever acquired, for cash transforms that asset into income." Id., 789. We find this reasoning persuasive.

"[T]he purpose of both periodic and lump sum alimony is to provide continuing support." *Smith* v. *Smith*, 249 Conn. 265, 275, 752 A.2d 1023 (1999). At least where, as is generally the case, capital gains do not represent a steady stream of revenue,[3] the fact that a party has enjoyed such gains in a particular year does not provide a court with an adequate basis for assessing that party's long-term financial needs or resources. For this reason, we conclude that capital gains are not income for pur-

---

[2] See *Gay* v. *Gay*, supra, 70 Conn. App. 788 (*Schaller, J.*, dissenting), citing *Schorsch* v. *Schorsch*, 53 Conn. App. 378, 386, 731 A.2d 330 (1999) (principal payments received on purchase money mortgage merely exchange of assets and may not be included in calculation of income); *Denley* v. *Denley*, 38 Conn. App. 349, 353, 661 A.2d 628 (1995) (exchange of stock options for cash merely exchange of assets, not income); *Simms* v. *Simms*, 25 Conn. App. 231, 235, 593 A.2d 161 (exchange of bonds for cash merely exchange of assets, not income), cert. denied, 220 Conn. 911, 597 A.2d 335 (1991).

[3] We do not decide today whether capital gains would constitute income under § 46b-82 if those capital gains represented a steady stream of revenue.

poses of modification of an order for continuing financial support if those gains do not constitute a steady stream of revenue. This is true without regard to whether the assets from which those gains are derived were acquired before or after the dissolution. There is nothing in the record to suggest that the plaintiff can, through the ongoing sale of capital assets, maintain the income stream found by the trial court.[4] Accordingly, we conclude that, regardless of when the capital assets sold by the plaintiff were acquired, the gains on the assets were not income.

The fact that capital gains on property distributed at dissolution may not be considered *income* under § 46b-82 does not mean, however, that changes in the value of such property, whether realized or not, may never be taken into consideration by a court in considering a modification of alimony. The fact that the trial court has no authority to modify the assignment of property made at dissolution; see General Statutes § 46b-86 (a); does not mean that the court cannot consider a change in the value of that property in determining whether there has been a substantial change of circumstances justifying the modification of an alimony award.[5] Accordingly, we answer the first certified question "no."

Accordingly, we affirm the Appellate Court's reversal of the judgment of the trial court on this alternate ground. We conclude, however, that the Appellate Court improperly directed the trial court to determine whether the plaintiff had realized capital gains from assets acquired after the dissolution and to treat those

---

[4] Indeed, as noted previously, the trial court acknowledged that the plaintiff had suffered a capital loss in at least one recent year.

[5] A change in the value of the property will not, of course, automatically justify a modification. In making its determination, the trial court must take into account the amount of the change in value, the nature of the property, its liquidity and the consequences to the parties of modifying the alimony award on the basis of the change in value.

gains as income and, therefore, reverse that portion of the Appellate Court's rescript.

The Appellate Court's reversal of the judgment of the trial court is affirmed and the case is remanded to the Appellate Court with direction to remand the case to the trial court for a new hearing on the defendant's motion for modification.

In this opinion the other justices concurred.