MARIANNE OLSON *v.* FUSAINI MOHAMMADU
(AC 32889)

DiPentima, C. J., and Alvord and Foti, Js.

---

Argued November 15, 2011—officially released March 13, 2012

*John F. Morris*, for the appellant (defendant).

*Kathleen M. Grover*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant, Fusaini Moham-madu, appeals from the judgment of the trial court denying his postjudgment motion for modification of

alimony and child support orders. On appeal, the defendant claims that the court erred in declining to find a substantial change in his circumstances. We disagree and, accordingly, affirm the judgment of the trial court.

The following factual and procedural history is relevant to our discussion. The parties were married on June 7, 2001. During the marriage, the parties had one child together. In September, 2008, the plaintiff, Marianne Olson,[1] who resided in Connecticut with her son, filed a dissolution of marriage action against the defendant, who at that time resided in Florida. On August 5, 2009, the court rendered judgment dissolving the parties' marriage. In its orders contained in that judgment, the court awarded joint legal custody of the minor child with primary physical custody to the plaintiff and reasonable visitation rights to the defendant in Connecticut.

The court further ordered the defendant to pay to the plaintiff periodic alimony in the amount of $777 per week. The court ordered that the alimony "shall be modifiable only as to amount" and "shall terminate upon the earliest of the happening of one of the following events . . . [the] death of either party . . . [the] [w]ife's remarriage; or . . . five (5) years from the date of dissolution." In addition, the court ordered the defendant to pay child support in the following amounts: $334 per week and 66 percent of day care, extracurricular activities and unreimbursed medical and dental expenses for the benefit of the minor child.[2]

---

[1] The plaintiff's last name has been spelled as "Olsen" and "Olson" during these proceedings. During the October 25, 2010 proceeding and on the tax documents submitted as exhibits at trial, the plaintiff spelled her name "Olson."

[2] Since the rendering of the dissolution judgment on August 5, 2009, the plaintiff has filed seven motions for contempt to recover missed payments of attorney's fees, child care costs, medical expenses, child support and alimony from the defendant. On two occasions the court found the defendant in contempt of the court's orders.

Pursuant to General Statutes § 46b-86 (a),[3] the defendant filed a motion to modify his alimony and child support obligations on April 14, 2010, and an amended motion to modify on June 18, 2010.[4] In the amended motion, the defendant, a resident of Florida, claimed that he had a substantial change in circumstances as a result of his relocation to Connecticut and new employment at a substantially reduced salary. After a hearing on October 25, 2010, the court denied the defendant's amended motion. The court based its decision denying the motion for modification on the "voluntary nature of the [defendant's] income change," finding that the defendant's "motivation might have been a good parental decision, [but] it was a decision that ignored the realities of his financial obligation as set forth in the [dissolution] judgment issued just months earlier." This appeal followed.

During the pendency of this appeal, the defendant filed a motion for articulation, which the court granted in part. In that articulation, the court stated that it did not consider the defendant's relocation, or his alleged reduction in income as a result of the relocation, to be a substantial change in circumstances because the move was a voluntary action on the part of the defendant.[5]

---

[3] General Statutes § 46b-86 (a) provides in relevant part that "[u]nless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support, an order for alimony or support pendente lite or an order requiring either party to maintain life insurance for the other party or a minor child of the parties may, at any time thereafter, be continued, set aside, altered or modified by the court *upon a showing of a substantial change in the circumstances of either party* . . . ." (Emphasis added.)

[4] In his first motion to modify, the defendant claimed that he was unemployed and had no significant income or assets, and did not have the ability to meet his financial obligations. In his amended motion to modify, the defendant claimed that he had relocated from Florida to Connecticut and obtained new employment, but at a substantially reduced salary.

[5] The defendant on appeal does not challenge the court's factual finding of voluntariness.

We initially set forth the well established standard of review and principles of law relevant to the defendant's appeal. "The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . [T]o conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." (Internal quotation marks omitted.) *Elia* v. *Elia*, 99 Conn. App. 829, 831, 916 A.2d 845 (2007).

"[General Statutes] § 46b-86 (a) . . . provides that a final order for alimony [or child support] may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . Under that statutory provision, the party seeking the modification bears the burden of demonstrating that such a change has occurred. . . . Alimony decrees [and child support orders] may only be modified upon proof that relevant circumstances have changed since the original decree was granted. . . . In general the same sorts of [criteria] are relevant in deciding whether the decree may be modified as are relevant in making the initial award of alimony [or child support]. They have chiefly to do with the needs and financial resources of the parties. . . . To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances

is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. In making such an inquiry, the trial court's discretion is essential. The power of the trial court to modify the existing order does not, however, include the power to retry issues already decided . . . or to allow the parties to use a motion to modify as an appeal. . . . Rather, the trial court's discretion includes only the power to adapt the order to some distinct and definite change in the circumstances or conditions of the parties." (Citations omitted; internal quotation marks omitted.) *Borkowski* v. *Borkowski*, 228 Conn. 729, 734–38, 638 A.2d 1060 (1994); see also *Budrawich* v. *Budrawich*, 132 Conn. App. 291, 295–96, 32 A.3d 328 (2011).

"As to the substantial change of circumstances provision of § 46b-86 (a), [w]hen presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and . . . make an order for modification. . . . A party moving for a modification of a child support order must clearly and definitely establish the occurrence of a substantial change in the circumstances of either party that makes the continuation of the prior order unfair and improper. . . . The power of the trial court to modify the existing order does not, however, include the power to retry issues already decided . . . or to allow the parties to use a motion to modify as an appeal. . . . Rather, [t]he court has the authority to issue a modification only if it conforms the order to the distinct and definite changes in the circumstances of the parties. . . . The inquiry, then, is limited to a comparison between the current conditions and the last court order. . . . The party seeking modification bears the burden of showing

the existence of a substantial change in the circumstances." (Citations omitted; internal quotation marks omitted.) *Weinstein* v. *Weinstein*, 104 Conn. App. 482, 492–93, 934 A.2d 306 (2007), cert. denied, 285 Conn. 911, 943 A.2d 472 (2008).

The defendant essentially argues on appeal that the court should have applied a "totality of the circumstances" test to the first prong as recited in *Weinstein*. Specifically, the defendant argues that the court should have looked beyond the voluntariness of the defendant's action in relocating to Connecticut and considered the motivation behind the voluntary action as part of a "totality of the circumstances" test.

The defendant cites *Doody* v. *Doody*, 99 Conn. App. 512, 914 A.2d 1058 (2007), for the proposition that the trial court should have taken a "totality of the circumstances" approach in determining whether there was a substantial change in the defendant's circumstances. The defendant's reliance on *Doody* is misplaced, as the "totality of the circumstances" referred to in that case is the broad fact-finding ability of a trial court and is not an application of the test applied for determining whether a substantial change exists warranting a modification of alimony or child support orders.[6]

Additionally, in arguing that the trial court should have looked beyond the voluntariness of the defendant's conduct in relocating to Connecticut, the defendant contends that the court should consider the public

---

[6] An examination of the "totality of the circumstances" that the defendant quotes from *Doody* is in fact from the standard of review in that case. "This court, of course, may not retry a case. . . . The factfinding function is vested in the trial court with its unique opportunity to view the evidence presented in a *totality of circumstances,* i.e., including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to us. Appellate review of a factual finding, therefore, is limited both as a practical matter and as a matter of the fundamental difference between the role of the trial court and an appellate court." (Emphasis added; internal quotation marks omitted.) *Doody* v. *Doody,* supra, 99 Conn. App. 516–17.

policies implicated and elements of fairness.[7] We are not persuaded. As noted previously, the court's determination process in modifying alimony and child support has two parts. "Simply put, before the court may modify an alimony award pursuant to § 46b-86, it must make a threshold finding of a substantial change in circumstances with respect to one of the parties." *Schade* v. *Schade*, 110 Conn. App. 57, 63, 954 A.2d 846, cert. denied, 289 Conn. 945, 959 A.2d 1009 (2008). After a court has made this threshold finding, the same criteria used to determine an initial award of alimony are relevant to the question of modification.[8] See *Borkowski* v. *Borkowski*, supra, 228 Conn. 743. Only then, after a finding of substantial change, can the trial court "consider the causes for a party's substantial change of circumstances." Id. Although the defendant urges us to

[7] The defendant cites *Greco* v. *Greco*, 275 Conn. 348, 363, 880 A.2d 872 (2005), for the proposition that public policy and basic fairness should be considered by the court in determining if there has been a substantial change in the defendant's circumstances. *Greco* does not involve a postjudgment modification and, to the extent that the defendant cites *Greco* for the broad equitable powers of the court in domestic relations cases, the case is clearly distinguishable. In *Greco*, our Supreme Court concluded that the trial court had abused its discretion in awarding the plaintiff in a dissolution of marriage action 98.5 percent of the marital property plus alimony and attorney's fees exceeding the defendant's income. Id., 363.

[8] Our Supreme Court in *Borkowski* explained the bifurcation of the inquiry for a modification of alimony or child support orders. "By so bifurcating the trial court's inquiry, however, we did not mean to suggest that a trial court's determination of whether a substantial change in circumstances has occurred, and its determination to modify alimony, are two completely separate inquiries. Rather, our bifurcation of the trial court's modification inquiry was meant to reflect that, under our statutes and cases, modification of alimony can be entertained and premised upon a showing of a substantial change in the circumstances of either party to the original dissolution decree. . . . Thus, once the trial court finds a substantial change in circumstances, it can properly consider a motion for modification of alimony. After the evidence introduced in support of the substantial change in circumstances establishes the threshold predicate for the trial court's ability to entertain a motion for modification, however, it also naturally comes into play in the trial court's structuring of the modification orders." (Citation omitted.) *Borkowski* v. *Borkowski*, supra, 228 Conn. 737.

adopt a "totality of the circumstances" test in determining whether there has been a substantial change in circumstances, the proper test for such a determination has been set forth by our Supreme Court. See *Borkowski* v. *Borkowski*, supra, 737. It is axiomatic that this court is bound by the precedent set forth by our Supreme Court. See, e.g., *Stuart* v. *Stuart*, 297 Conn. 26, 45–46, 996 A.2d 259 (2010).

We now consider whether the court properly concluded that there was no substantial change in the defendant's circumstances warranting a modification of alimony or child support. "A conclusion that there has been a substantial change in financial circumstances justifying a modification of alimony based only on income is erroneous; rather, the present overall circumstances of the parties must be compared with the circumstances existing at the time of the original award to determine if there has been substantial change." (Internal quotation marks omitted.) *Gay* v. *Gay*, 70 Conn. App. 772, 781, 800 A.2d 1231 (2002), aff'd in part, 266 Conn. 641, 835 A.2d 1 (2003). The court found that the defendant voluntarily left his more than two year employment in Florida and took a lower paying position in Connecticut,[9] ignoring his financial obligations under the dissolution judgment rendered fifteen months earlier. The defendant's purported substantial change in circumstances was brought about by his unilateral action in leaving his employment in Florida and moving to Connecticut. While the court noted that there might have been a good parental motivation underlying the defendant's relocation, the court was correct not to

[9] The defendant claims that his new employment in Connecticut was "at a substantially reduced salary." His gross income at his new position is $150,000 as compared with the $180,000 at his position in Florida; however, his new contract affords him the possibility of receiving further compensation in the form of incentives and merit increases. The court also noted that with the defendant residing in Connecticut, travel expenses for the defendant to visit with his son would be decreased.

reach the defendant's motivation in its determination that the defendant failed to prove a substantial change in circumstances.[10] In its articulation, the court relied on *Sanchione* v. *Sanchione*, 173 Conn. 397, 378 A.2d 522 (1977), to support its conclusion that a change in income resulting from a voluntary decision does not constitute a substantial change in circumstances. The court concluded that the defendant's "[i]nability to pay does not automatically entitle [him] to a decrease of an alimony [or child support] order. It must be excusable and not brought about by the defendant's own fault." (Internal quotation marks omitted.) Id., 407. In *Sanchione*, the court lists a number of factors that could be considered to be brought about by the defendant's own fault, including "whether the [defendant's] expenses were greater than necessary, whether his inability to pay was a result of his own extravagance, neglect, misconduct or *other unacceptable reason* . . . ." (Emphasis added.) Id. The court also cited *Prial* v. *Prial*, 67 Conn. App. 7, 10–13, 787 A.2d 50 (2001), in which this court held that the trial court abused its discretion in finding a substantial change in circumstances where the plaintiff father had voluntarily terminated his well compensated long-term employment prior to the divorce judgment but then sought modification after briefly acquiring a low wage hourly position before quitting. In the present case and consistent with case law, the court reasonably could have concluded that the defendant's unilateral action in the face of his

---

[10] The defendant also claims that while he was living in Florida he was having problems gaining parenting time and access to his child, which he claims was part of his reason for moving to Connecticut. The defendant's assertion regarding visitation access is part of his motivation for leaving his position in Florida and moving to Connecticut. We decline to review this argument, as we have already concluded that the trial court did not err in making its threshold finding that there has not been a substantial change in circumstances. Evidence of his motivation behind such a voluntary action would only be relevant if such a threshold finding had been met. See *Borkowski* v. *Borkowski*, supra, 228 Conn. 737.

financial obligations set forth in the dissolution judgment was an unacceptable reason that did not justify a finding of a substantial change in circumstances.

The judgment is affirmed.

In this opinion the other judges concurred.