******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JEAN H. CEDDIA *v.* THOMAS M. CEDDIA
(AC 36978)

Lavine, Sheldon and Flynn, Js.

*Argued November 17, 2015—officially released April 5, 2016*

(Appeal from Superior Court, judicial district of New London at Norwich, Hon. Joseph J. Purtill, judge trial referee [dissolution judgment]; Carbonneau, J. [motions to modify].)

*Lloyd L. Langhammer*, for the appellant (plaintiff).

*Jonathan T. Lane*, for the appellee (defendant).

*Opinion*

FLYNN, J. Before this court is the appeal by the plaintiff, Jean Ceddia, from the judgment of the trial court modifying an award of periodic alimony. The court granted a motion by the defendant, Thomas Ceddia, for a downward modification of the alimony award decreasing the amount from $1700 per week ordered in the dissolution decree to $700 per week. The plaintiff claims that the court erred in reducing the alimony award. We disagree and affirm the judgment of the trial court.

The following procedural history and factual findings of the court are relevant to this appeal. The plaintiff filed a dissolution action to end her marriage to the defendant on September 15, 2010. The parties' marriage lasted approximately twenty-five years. The defendant participated in extramarital affairs in 1999 and 2010, which caused the plaintiff to suffer both mentally and physically. Therefore, he was found to be more at fault for the breakdown of the marriage than the plaintiff. After a settlement was reached resulting in the marital dissolution agreement, the judgment awarded the plaintiff two streams of alimony: $1700 per week for twelve years and $400 per month for three years to apply to her health insurance expenses. This original dissolution judgment made the former nonmodifiable as to its twelve year duration, but not as to amount.

Thereafter, in September and November, 2013, respectively, both the defendant and the plaintiff filed motions to modify the $1700 per week alimony award in which they each alleged substantially changed circumstances. The defendant sought a downward modification, which was granted. The plaintiff sought an upward adjustment, which was denied, but has not been appealed from. The defendant also moved to lower his life insurance obligation to the plaintiff and to make equal their contributions to an educational support order, both of which requests were denied and are not at issue in this appeal.

The trial court found that the plaintiff was in good health at the time of the modification hearing. She is an attorney who had been making $55,000 per year at the time of the dissolution, but she left her position with an area law firm and did not seek employment with another firm. Instead, the plaintiff decided to open her own practice, and at the time of the modification hearing she was not realizing income. Nonetheless, given her twenty-eight years of experience as an attorney, twelve spent practicing in Connecticut, combined with her vocational skills, she was found to have an earning capacity of $75,000 per year. The plaintiff derives a weekly interest income of $640 from her assets. The plaintiff's weekly expenses of $3200 were found to have been nearly twice as great as her net

weekly income at the time of the modification. The court also found that the plaintiff's aggregate estate was worth more than $2 million.

The defendant was found to have high blood pressure and cholesterol levels. He is an emergency room physician with a base salary of $275,000 per year, which the court found to be an increase of $80,000 per year more than he had earned at the time of dissolution of the marriage. This increase in the defendant's income was the plaintiff's basis for requesting an upward modification of the alimony award, and it was found by the court to be a substantial change. The court also found the defendant's total net worth to be about $628,000, approximately one-third of the plaintiff's net worth.

The defendant claimed that the plaintiff's circumstances had also changed from the date of dissolution, because a trust, known as the Robert F. Hendren trust (trust), of which she was a contingent beneficiary, that she had valued on her financial affidavit at the time of dissolution at $1 million was now vested and worth an additional $500,000. In its memorandum of decision, the court found that the plaintiff's financial affidavit executed at the time of the hearing on the dissolution valued her interest in the trust at $1 million. Her financial affidavit, executed on the date of the May 13, 2014 modification hearing, indicated that after the death of her father she received what was formerly a contingent interest in the trust, and it was then worth $1.5 million. The court found that increase to be a substantial change.

After finding substantial changes in the financial circumstances of both parties, the court analyzed their individual circumstances and subsequently reduced the alimony award down to $700 per week from the original $1700 weekly. The plaintiff has appealed from the judgment awarding the defendant that modification.

In this appeal, the plaintiff claims that the court erred in reducing her alimony for essentially three reasons. The plaintiff first argues that the defendant had waived any claim to the trust asset, which should bar him from using a claimed increase in its value as the basis to move to modify his alimony obligations downward. Second, the plaintiff argues that she was awarded the complete interest in the trust by the terms of the dissolution judgment. She further contends that any increase in value of this asset between the time of dissolution and the time of the hearing on the motion for modification "was simply a conversion of an asset and should not have been considered income or an asset for purposes of assessing whether there had been a substantial change of circumstances." She also maintains that case law permits a modification based on changed circumstances if there is a dramatic increase in the income of one of the parties but that an increase in the value of an asset ordinarily will not. Finally, her last argument

on appeal is that there is error in the court's finding that the valuation of the trust at the time of the modification hearing at $1.5 million was a substantial change of circumstances. She makes this argument because although the financial affidavit filed at the time of the dissolution judgment valued the trust at $1 million, the actual marital dissolution agreement that was made part of the dissolution judgment provided, in relevant part, that the trust that she was to retain may have a value of "ONE MILLION (1,000,000.00) DOLLARS *or more.*" (Emphasis added.) As a corollary of this assertion, the plaintiff contends that the court improperly put the burden of establishing the value of the remainder trust at the time of dissolution on her, when that burden was properly that of the defendant, who was the moving party seeking a downward modification of his alimony obligations.

In reviewing a trial court's judgment modifying alimony on appeal, we employ a clearly erroneous standard concerning the court's findings of fact. *Costa* v. *Costa*, 57 Conn. App. 165, 168, 752 A.2d 1106 (1988). "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. *Rostain* v. *Rostain*, 213 Conn. 686, 693, 569 A.2d 1126 (1990)." (Internal quotation marks omitted.) *Costa* v. *Costa*, supra, 168.

We first take up the assertion that the defendant waived any right to seek a modification based on an increase in the value of the plaintiff's contingent interest in the trust, by virtue of the marital dissolution agreement that was incorporated into the decree of dissolution. We address this claim first because, if waiver of the right to seek alimony modification had occurred, it would be dispositive of the appeal. Paragraph V (B) of the property settlement portion of that agreement provided, in relevant part, that "[the plaintiff] shall further retain ownership of any interest she may have in any potential future inheritance and/or family Trust(s) established by any of her prior relatives. This shall specifically include but not be limited to the Robert F. Hendren Trust dated February 23, 1973 which may have a value of ONE MILLION ($1,000,000.00) Dollars or more. [The defendant] shall waive any claims over the same." The plaintiff argues that the defendant cannot now seek a modification of periodic alimony under the guise of an increase in the value of an asset against which he waived his right to ownership.

"Waiver is the intentional relinquishment or abandonment of a known right or privilege." (Internal quotation marks omitted.) *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, 237 Conn. 378, 385, 677 A.2d 1350 (1996). Waivers are narrowly construed. See *State* v. *Kemah*, 289 Conn. 411, 426, 957 A.2d 852 (2008). The

language on which the plaintiff relies is part of several sections of the marital dissolution agreement dealing with the assignment of marital assets to each of the parties to the dissolution. It does not relate to possible later modifications of periodic alimony, but is a relinquishment on the part of the defendant as to the trust corpus that the court adjudged, at the time of dissolution, should remain the plaintiff's sole property. The later modification of alimony did not deprive the plaintiff of any part of that trust that she was awarded as her sole property at the time of dissolution.

We first note that General Statutes § 46b-86 (a) provides, in relevant part, that "[u]nless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony . . . may, at any time thereafter, be . . . modified by the court upon a showing of a substantial change in the circumstances of either party . . . ." There is nothing in the decree of dissolution that precludes a motion to modify the amount of alimony that was awarded. In *Bartlett* v. *Bartlett*, 220 Conn. 372, 381, 599 A.2d 14 (1991), our Supreme Court held that once a contingent interest in a trust actually vested, "the [beneficiary's] financial circumstances changed substantially upon the vesting of his inheritance, warranting the . . . motion to open the judgment to increase the award of periodic alimony." The *Bartlett* court rejected the nonmovants' argument against modification of alimony, namely that the motion to modify was merely an artifice to effect a new distribution of property in violation of § 46b-86. Id., 382. The *Bartlett* court held that while it agreed that the trial court had no authority to modify the original property assignment, such an argument was irrelevant because the defendant's circumstances had changed substantially due to his inheritance of certain property and that could be considered in modifying upward the award of periodic alimony he would be required to pay. Id.

So too, in this case, the defendant does not seek to obtain any part of the trust assets, but only to modify downward the amount of alimony he would be required to pay, because that asset had been received and was no longer a contingency. See id., 381. The court's modification order did not award to the defendant any part of the trust corpus awarded to the plaintiff in the decree of dissolution of the marriage. "The fact that the trial court has no authority to modify the assignment of property made at dissolution; see General Statutes § 46b-86 (a); does not mean that the court cannot consider a change in the value of that property in determining whether there has been a substantial change of circumstances justifying the modification of an alimony award." *Gay* v. *Gay*, 266 Conn. 641, 648, 835 A.2d 1 (2003).

When the parties wished to preclude one aspect of

possible periodic alimony modification, they knew how to do so. Their marital dissolution agreement specifically stated that the alimony was nonmodifiable as to duration. However, the parties were silent as to any similar restriction on any later modifications as to the *amount* of periodic alimony. That omission leads us to the conclusion that it was not barred by the marital dissolution agreement or the judgment of dissolution that incorporated the agreement's terms. We therefore reject this waiver claim.

We next address the plaintiff's related assertion that the court erred in reducing her alimony because she was awarded the entire contingent interest in the trust in the dissolution judgment and any increase in its value between the time of dissolution and the modification hearing was simply the conversion of an asset and was thus neither income nor an asset that could be considered a substantial change of circumstances. We agree that a party awarded an asset is entitled to any increase in the value of that asset. However, the question before us is not whether the plaintiff could keep any increase in its value, but rather whether any such increase in value could be considered a substantial change of circumstances sufficient to justify a modification of a periodic alimony award payable to her. Our Supreme Court's precedent in *Gay* v. *Gay*, supra, 266 Conn. 648, makes clear that such an increase can be considered in "determining whether there has been a substantial change of circumstances justifying the modification of an alimony award." We therefore are unpersuaded by the plaintiff's claim.

We next consider the plaintiff's assertion arising out of the disparity between the plaintiff's financial affidavit valuing the contingent interest in the trust at $1 million and the judgment of dissolution that incorporated a provision of the marital dissolution agreement providing that its value was $1 million *or more*. Both "[t]he parties and the court are entitled to rely on the financial affidavits submitted at the time of the dissolution, which are presumed to be reliable for that purpose." *Fulton* v. *Fulton*, 156 Conn. App. 739, 749, 116 A.3d 311 (2015). During the modification evidentiary hearing, when the plaintiff was asked by the defendant's counsel, "[a]s of the date of dissolution you knew there was a trust but you were never told what the value was, correct?"; she responded by saying "correct." Upon further questioning by the defendant's counsel regarding the trust, the plaintiff's counsel objected, stating, in relevant part, "I'm not sure how any of this is relevant if there's a number listed on her financial affidavit. . . . I mean, the value, it wasn't challenged then. That's the value." Upon further questioning, the plaintiff's counsel again objected, stating, in relevant part, "I'm not sure of the relevance of any of this. It starts out at a million and it's pretty clear what's there now." The court sustained the objections. Thus, further evidence, other than the

plaintiff's valuation in her own financial affidavit, was precluded from being entered as to the value of the trust at the date of dissolution.

Furthermore, "[t]he general rule is that admissions, if relevant and material, made by an attorney incidental to the general authority of the attorney to represent his client in connection with and for the purpose of controlling the matter committed to him, are admissible against the client." *Collens* v. *New Canaan Water Co.*, 155 Conn. 477, 496, 234 A.2d 825 (1967). Therefore, the "[t]hat's the value" statement made by the plaintiff's counsel regarding the valuation of the trust being $1 million at the time of dissolution was attributable to the plaintiff.

What is being disputed is whether the court properly relied on the financial affidavit filed at the time of the dissolution judgment, which case law permits in fashioning orders in domestic relations cases. *Fulton* v. *Fulton*, supra, 156 Conn. App. 739. The objection by the plaintiff's counsel at the modification hearing prevented the defendant's counsel from going into the issue of valuation at the time of dissolution. Her counsel further made a concession regarding the value, that absent fraud justifying a motion to open, "[t]hat's the value." The plaintiff cannot now claim for the first time on appeal that the defendant did not satisfy his burden to introduce evidence of valuation at the time of dissolution, when it was her counsel's objections and concession that prevented the defendant from entering further evidence at trial. Furthermore, the court, in its modification decision, was entitled to rely on the plaintiff's $1 million financial affidavit valuation filed as part of the original dissolution proceeding and the concession of the plaintiff's attorney at the modification hearing that $1 million was the value.

In her brief to this court, the plaintiff contends that the trial court somehow improperly shifted the burden of proof on modification from the defendant to the plaintiff, as "[t]here exists no evidence in the [marital dissolution] agreement, nor during the course of the motion to modify alimony as to the precise value of the trust on the date of dissolution." We disagree. The court noted in its opinion that the parties were in disagreement about the "characterization" of the plaintiff's interest in the trust at the time of dissolution. That is an apparent reference to whether the plaintiff's remainder interest in the trust was too speculative at the time of dissolution to be subject to an award under § 46b-86. The court opined that the characterization of the asset was or should have been decided when the parties made their marital dissolution agreement. No appeal was taken from the dissolution judgment, which then became final. When it became final, its adjudication bound all of the parties to it, even if the plaintiff now questions whether some part of it was erroneous. See

*CFM of Connecticut, Inc.* v. *Chowdhury*, 239 Conn. 375, 395, 685 A.2d 1108 (1996), overruled in part on other grounds by *State* v. *Salmon*, 250 Conn. 147, 154–55, 735 A.2d 333 (1999). If a judgment is claimed in some respect to be erroneous, "the unsuccessful party's remedy is to have it set aside or reversed in the original proceedings." (Internal quotation marks omitted.) Id. That seems to be the point of the court's comment on the parties' differences concerning the characterization of the interest in the trust, the corpus of which became the plaintiff's upon the death of her father. The dissolution judgment necessarily determined that the nature of the plaintiff's then remainder interest in the trust was such that its entire corpus could be awarded to her in the division of marital property pursuant to her stipulation and request. We therefore reject the plaintiff's contention that the court's modification judgment impermissibly shifted the burden of proof from the defendant to the plaintiff. In any event, the court made it plain in its modification judgment that it "relied on the sworn value of the asset at the time of dissolution and today: $1 million originally and $1.5 million now." That evidence was before the court in the modification proceeding in the form of the plaintiff's own financial affidavits executed at the time of the dissolution and the time of the modification. On appeal, the parties are not in disagreement about the $1.5 million value as of the date of the modification hearing. The court's finding as to the valuation at the time of dissolution was made with evidence from the plaintiff's sworn financial affidavit, a valuation with which the plaintiff's trial counsel agreed when he told the court: "That's the value." We are not convinced by the plaintiff's burden-shifting claim.

It is important to note that in deciding on the modification, after determining that there had been a substantial change of circumstances, the court took into consideration all of the same criteria cognizable under General Statutes § 46b-82 that determined the initial alimony award. That is specifically permitted by § 46b-86 (a), and in accordance with our Supreme Court's precedent. See *Hardisty* v. *Hardisty*, 183 Conn. 253, 258–59, 439 A.2d 307 (1981). The court made specific findings on the twenty-five year length of the marriage, the defendant's major responsibility for a cause of the dissolution, the respective ages of the parties, their health, stations in life, occupations, amount and sources of their income, vocational skills, employability, estate sizes, needs of the parties, and the desirability of the plaintiff seeking employment. The plaintiff has not shown that the court abused its discretion in entering judgment modifying the award of periodic alimony to the plaintiff, nor has she shown that the court could not have reasonably concluded as it did based on the facts presented. See *Rostain* v. *Rostain*, supra, 213 Conn. 693.

The judgment is affirmed.

In this opinion the other judges concurred.